HENRY G. STRONG, Appellant, *v.* AMERICAN FENCE
    CONSTRUCTION COMPANY, Respondent.

Contract — surety bonds — jurisdiction — Federal statute
requiring contractor for government work to give bond to
secure payment for labor and materials and providing for
prosecution in Federal court — existence of bond indispensable
condition of Federal jurisdiction — failure to give bond —
laborer or materialman may maintain action in State court
for damages — recovery limited to pro rata share of penalty of
bond had one been given.

1. Under the act of Congress (28 Stat. 278, amd. 33 Stat. 811)
requiring a contractor with the United States for construction of a
public work to execute a bond obligating him to pay all persons
supplying labor and materials in the prosecution of the work and
providing for enforcement of the bond by suit in a Federal court,
the statutory liability assumes the existence of a bond as an indis-
pensable condition. Till then, there is neither Federal jurisdiction
nor any right of action that can rest upon the statute.

2. Where, however, a contractor has agreed to give the bond
required by the statute, and has failed to fulfill such agreement, a
beneficiary of the promise, a laborer or materialman for whose pro-
tection it was given, has a right of action in the State courts for
damages for the breach, but his recovery cannot exceed the *pro rata*
share that would be his if a bond had been given as required.
(*Fosmire* v. *National Surety Co.*, 229 N. Y. 44, distinguished.)

*Strong* v. *American Fence Construction Co.*, 218 App. Div. 163,
reversed.

(Argued February 23, 1927; decided March 29, 1927.)

APPEAL, by permission, from a judgment, entered
November 5, 1926, upon an order of the Appellate Division
of the Supreme Court in the first judicial department,
reversing a determination of the Appellate Term and
affirming a judgment in favor of defendant entered upon
an order of the City Court of the City of New York,
granting a motion by defendant for judgment on the
pleadings and directing a dismissal of the complaint.

*Frederick W. Newton* and *John C. Wait* for respondent. This is an action on contract. It is not the suit on the bond which the statute authorizes. The provisions of the statute as to jurisdiction of the suit on the bond are not applicable to this action. (*People* v. *Metropolitan Surety Co.,* 211 N. Y. 107; *U. S.* v. *McCord,* 233 U. S. 157; *Illinois Surety Co.* v. *U. S.,* 240 U. S. 214; *U. S.* v. *Montgomery,* 255 Fed. Rep. 683; *U. S.* v. *Stewart,* 288 Fed. Rep. 187; *Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74; *Eastern Steel Co.* v. *Globe Indemnity Co.,* 227 N. Y. 586; *Fosmire* v. *National Surety Co.,* 229 N. Y. 44; *Babcock & Wilcox* v. *American Surety Co.,* 236 Fed. Rep. 340; 263 U. S. 699.) The State courts, rather than the Federal courts, have jurisdiction of this action. (*Underhill* v. *Shenk,* 238 N. Y. 7; *Wise* v. *Tube Bending Machine Co.,* 194 N. Y. 272; *Robinson* v. *Nat. Bank of Newberne,* 81 N. Y. 385; *Lowkes* v. *Standard Oil Co.,* 224 N. Y. 99; *Dennick* v. *N. J. Central R. R. Co.,* 103 U. S. 11; *Hunt* v. *Hunt,* 72 N. Y. 217; *York* v. *Conde,* 147 N. Y. 486; *Benedict* v. *Deshell,* 177 N. Y. 1.) Plaintiff has a cause of action against defendant upon the obligation created by statute. (*Lawrence* v. *Fox,* 20 N. Y. 268; *Abounader* v. *Strohmeyer & Arpe Co.,* 243 N. Y. 458; *Farmers & Merchants, etc.,* v. *Federal Reserve Bank, etc.,* 262 U. S. 649; *Hill* v. *American Surety Co.,* 200 U. S. 197; *Mankin* v. *United States,* 215 U. S. 533; *Cleveland Bankers Surety Co.* v. *Maxwell,* 222 Fed. Rep. 797; *Chicago Bonding, etc., Co.* v. *United States,* 261 Fed. Rep. 266; *Hill* v. *American Surety Co.,* 200 U. S. 197; *Mankin* v. *United States,* 215 U. S. 533.)

*Samuel J. Rawak* and *Cornelius C. Beekan* for respondent. Neither the Material Men's Act nor the contract with the United States obligates the contractors to pay the claims of third persons, and no cause of action, therefore, is given by either the statute or the contract.

(*Lawrence* v. *Fox*, 20 N. Y. 268; *U. S.* v. *McCord*, 233 U. S. 157; *People* v. *Met. Surety Co.*, 211 N. Y. 107; *Illinois Surety Co.* v. *U. S.*, 240 U. S. 213; *U. S.* v. *Am. Fence Co.*, 15 Fed. Rep. [2d] 449, 450.) The plaintiff not being a party to the contract between the United States and this defendant cannot maintain a cause of action for its breach. (*Embler* v. *Hartford S. B. I. Co.*, 158 N. Y. 436; *Chysky* v. *Drake*, 235 N. Y. 472; *Seaver* v. *Ransom*, 224 N. Y. 233; *Glawatz* v. *People's G. S. Co.*, 49 App. Div. 465; *Buffalo Cement Co.* v. *McNaughton*, 90 Hun, 74; 156 N. Y. 702; *Simson* v. *Brown*, 68 N. Y. 355; *Pa. Steel Co.* v. *N. Y. C. Ry. Co.*, 198 Fed. Rep. 748; *German Alliance Ins. Co.* v. *Home Water Supply Co.*, 226 U. S. 219; *U. S.* v. *Riffle Co.*, 247 Fed. Rep. 376.)

CARDOZO, Ch. J. A contract was made between the United States government and the defendant whereby the defendant was to construct a hospital for United States veterans in the city of New York. The contractor undertook to furnish a surety company bond in the amount of $5,500, "insuring the fulfilment of all conditions and stipulations of this contract and covering all guarantees herein provided, and for the prompt payment to all persons or parties furnishing labor or materials required or used in the prosecution of the work." The bond was exacted in accordance with an act of Congress (Act of August 13, 1894, ch. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, ch. 778, 33 Stat. 811). The plaintiff supplied labor and material to one of the defendant's subcontractors, and would have had the benefit of the bond if one had been given (*Hill* v. *Am. Surety Co.*, 200 U. S. 197). The bond, however, was not given, and the plaintiff is still unpaid, the subcontractor having made default. The question is as to the remedy, if any, available against the contractor who promised to supply the bond and failed to keep the promise.

The City Court held that there was no remedy whatever, and ordered judgment on the pleadings in favor of the defendant. The Appellate Term took the view that the contractor's obligation was independent of the bond, which was important only as fixing the obligation and defining the procedure in an action against the surety. This led to a reversal of the judgment and a denial of the motion. The Appellate Division reversed the Appellate Term, holding that the proper remedy was an action in the Federal courts, the procedure to be the same as if the bond were in existence. About the same time a ruling was made by the United States Circuit Court of Appeals that in an action in the Federal courts the existence of the bond was the basis of jurisdiction, and that a claimant resting his case upon an executory contract must be remitted for relief to the courts of the State ( *U. S.* v. *Am. Fence Constr. Co.,* October 18, 1926, 15 Fed. Rep. [2d] 450, affirming 15 Fed. Rep. [2d] 449). The suitor, wherever he went, had the assurance held out to him that a remedy existed, but that he must seek it somewhere else. The tangle of remedies and jurisdictions is now to be unraveled here.

The act of Congress provides (28 Stat. 278, as amended by 33 Stat. 811) that persons contracting with the United States for the construction of public buildings or other public work shall be required before commencing such work to execute " the usual penal bond " with sureties, the bond to contain " the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract." Under a ruling of the Supreme Court, a bond so given inures to the protection of laborers and materialmen employed by subcontractors, and the contractor remains liable to the extent of the penalty though the subcontractors have been paid before notice of the claim (*Mankin* v. *U. S.,* 215 U. S. 533). The statute

goes on to prescribe the form of remedy. If an action on the bond is begun by the United States, the laborers and materialmen are to have the right to intervene. Whatever is due to the United States is to have priority of payment. The remainder, if any, recovered under the bond is to be distributed *pro rata* among the intervenors. If no suit is brought by the United States within six months from the completion and final settlement of the contract, laborers or materialmen are authorized to bring suit themselves. The suit is prosecuted in the name of the United States in the Federal court of the district in which the contract is performed. " Where suit is so instituted by a creditor or creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto " within a designated time. Provision is made for notice to creditors in such manner as the court may order, and also by publication. " If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor *pro rata* of the amount of the recovery." The Supreme Court has held that the remedy intended by the statute is not in equity, but at law (*Illinois Surety Co.* v. *U. S.,* 240 U. S. 214, 223).

Congress has not said that contractors shall be liable, irrespective of amount, to laborers and materialmen employed by others upon the work. Such a liability would plainly be excessive, since payment to subcontractors is not admitted as a defense (*Mankin* v. *U. S., supra*). Congress has said that contractors shall be liable to materialmen and laborers in an amount to be made determinate by the giving of the bond. The statutory liability, which in turn is inseparably linked to the statutory remedy, assumes the existence of a bond as an indispensable condition. Till then, there is neither Federal jurisdiction nor any right of action that can rest upon the statute ( *U. S.* v. *Am. Fence Constr. Co.,* 15

Fed. Rep. [2d] 449; 15 Fed. Rep. [2d] 450; *U. S. v. Stewart*, 288 Fed. Rep. 187; *U. S. v. Montgomery Heating & Vent. Co.*, 255 Fed. Rep. 683).

The promise to give a bond is not a bond nor an equivalent. To say this is not to say that it may be broken with impunity. A beneficiary of the promise, a laborer or materialman for whose protection it was given, has a right of action for the damages resulting from the breach (*Lawrence v. Fox*, 20 N. Y. 268; *Seaver v. Ransom*, 224 N. Y. 233). The promise was exacted by the promisee in fulfilment of a legal duty. It was exacted for the very purpose of assuring to the plaintiff and to others similarly situated the benefit of the security established by the statute. Within the narrowest interpretation of the rule in *Lawrence v. Fox*, a beneficiary thus related to the promise has a standing to enforce it (*Seaver v. Ransom, supra*, at pp. 237, 238). Something more is here than an indirect or collateral advantage, a lucky find or windfall, the accidental consequence of a promise conceived for the good of some one else (*Simson v. Brown*, 68 N. Y. 355; *Wheat v. Rice*, 97 N. Y. 296). Security to materialmen and laborers was the end and aim of the transaction. If the promise was not for them, it was without significance or reason. *Fosmire v. Nat. Surety Co.* (229 N. Y. 44) holds nothing to the contrary. There are many grounds of distinction. Enough for present purposes, that there the bond was not exacted in fulfilment of a duty. Nor is there anything to the contrary in article 13 of the contract whereby rights of action for any breach are reserved to the United States if the contract is annulled for an unauthorized assignment. The sole effect of that provision is to forestall a possible construction whereby annulment would release a liability for damages.

The cause of action thus upheld at the suit of beneficiaries is adequate to the needs of justice. There is little basis for the defendant's fear that its final liability,

enforced in successive lawsuits, will be greater in the aggregate than the penalty of the bond. The plaintiff alleges in his complaint that by the failure to give the bond he has been damaged in the sum of $1,739.34 with interest, the unpaid balance of his bill. He must prove his damages, or fail. His recovery cannot exceed in any event the *pro rata* share that would be his if a bond of $5,500 had been given in fulfilment of the promise. Proof of his own demand will be sufficient in the first instance to cast the burden upon the other side of going forward with the evidence (see, *e. g., Milage* v. *Woodward*, 186 N. Y. 252, 259; 2 Sedgwick on Damages, § 667). The defendant will then be at liberty to show in reduction of the damages that other claimants, still unpaid, may share in the security. The aggregate liability to all must be within the limit of the penalty. To some extent, of course, the defendant's position is less favorable than it would be in the statutory form of action with notice to all creditors. Claims not presently discoverable may afterwards develop. Others, even if discovered, may be erroneously assessed. In the majority of cases the disparity is not likely to be great. The defendant has brought the risk upon itself as the result of its default.

The judgment of the Appellate Division should be reversed, and the determination of the Appellate Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly