GALLAHER & SPECK, Inc., and Hecker
& Company, Inc., Plaintiffs-
Appellants,

v.

FORD MOTOR COMPANY, Defendant-
Appellee.

No. 11423.

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1955.

Albert E. Hallett, Lester G. Britton, Robert S. Hunt, Chicago, Ill., for defendant-appellee. Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., of counsel.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

In Count I of their complaint in the district court, plaintiffs averred that defendant, in 1952, entered into a facilities contract with the United States Department of the Air Force to repair and rehabilitate certain of its aircraft engine manufacturing buildings in Chicago; that, following this, defendant entered into a subcontract with one H. F. Friestedt Company, for performance of portions of the contemplated work; that the subcontractor thereupon employed plaintiffs and others to furnish certain materials and labor specified in the original contract, which in due course, were furnished by plaintiffs with the knowledge and consent of defendant; that the subcontractor failed to pay plaintiffs the sums due them; that, under the Miller Act, 40 U.S.C.A. § 270a et sequi, defendant was required but failed to furnish a payment bond; that defendant induced the Government to waive the bond; that the waiver was fraudulent, illegal, and an abuse of discretion by the pertinent administrative officials; that plaintiffs' loss of payment was brought about by the wrongful action of defendant in failing to file the bond and inducing the waiver, and that plaintiffs have no recourse for payment except as against defendant.

In Count II plaintiffs averred additionally that defendant did not furnish a payment bond; that, because the bond was waived, defendant, by virtue of the waiver, assumed personal liability for payment and agreed to be liable to all suppliers including plaintiffs.

The court allowed defendant's motion to dismiss the action because the complaint did not state a claim upon which relief could be granted, holding that, in-

Avern B. Scolnik, Berger & Newmark, Chicago, Ill., for plaintiffs-appellants.

asmuch as plaintiffs' theory was that the mere failure to give a bond raised by law an implied obligation to pay, the complaint stated no cause of action; that, as there was no averment of any promise to give a bond and as none was ever given, there was no basis in law for liability upon the part of defendant. This appeal followed.

Plaintiffs rely upon the Miller Act, 40 U.S.C.A. § 270a and § 270b which superseded the earlier Heard Act of 1894, amended in 1905. It provided, *inter alia*, that parties contracting with the Government for services to be rendered should file a performance bond and, in addition, a payment bond for the protection of material and service suppliers, by way of subcontract or otherwise. Consequently, in the absence of legislation to the contrary, when defendant entered into its contract with the United States, if the Act controlled, it was required to file the two bonds. According to the averments of the complaint, it did neither.

However, it does not follow that defendant thereby made itself liable to plaintiffs upon the present complaint, for, in Title II of the First War Powers Act, originally enacted in 1941 and revised and re-enacted in 1951, 50 U.S.C.A. Appendix, § 611, Congress provided that certain war contracts should be exempted from certain restrictions, upon authorization by the President, as follows: "The President may authorize any department or agency of the Government exercising functions in connection with the national defense, * * * to enter into contracts * * *, without regard to the provisions of law relating to the making * * * of contracts whenever he deems such action would facilitate the prosecution of the war: * * *." In an appendix to its report, the House Committee on the Judiciary, in HR Rep. No. 1507, page 2, 77th Congress, 1st Session, 1941, supplied a list of the statutes involved, including specifically, among others, statutes requiring bonds for government contracts and related provisions, and "40 United States Code, Sections 270(a) * * * (b)",

which is the Miller Act, with which we are concerned.

Pursuant to this act of Congress, the President promulgated various executive orders as authorized, including Order 10210, of February 2, 1951, 16 F.R. 1049, 50 U.S.C.Appendix, § 611, note, wherein, by virtue of the authority vested in him by the War Powers Act, as Commander in Chief of the armed forces, deeming that such action would facilitate the national defense, the President ordered that: "The Department of Defense is authorized, * * * to enter into contracts * * * without regard to the provisions of law relating to the making, * * * of contracts * * *. The contracts hereby authorized to be made include agreements of all kinds * * * for all types and kinds of things and services necessary, appropriate or convenient for the national defense, * * * including, but not limited to, aircraft, buildings, vessels, arms, armament, equipment, or supplies of any kind, or any portion thereof, including plans, spare parts and equipment therefor, materials, supplies, facilities, utilities, machinery, machine tools, and any other equipment without any restriction of any kind, either as to type, character, location, or form. * * * Advertising, competitive bidding, and bid, payment, performance or other bonds or other forms of security need not be required."

By its legislation, the Congress authorized the President, in behalf of national defense, to render previous statutory requirements inapplicable. The effect of the President's subsequent proclamation, issued in pursuance of the Congressional authority, was to repeal, so far as statutory force is concerned, all provisions of the Miller Act requiring either performance or payment bonds. Under the executive order, after its publication, that Act was no longer in effect as to contracts made for the national defense. Consequently, when defendant entered into its construction contract with the government for improvement of

the latter's defense aircraft factories, there was in effect no statutory requirement for bonds. As a result, the district court had no basis upon which to base liability on the part of defendant, insofar as the averments of this complaint are concerned. Obviously, plaintiffs and the trial court were bound to take notice of the statute and the proclamation of the President. 44 U.S.C.A. § 307; United States ex rel. Brown v. Lederer, 7 Cir., 140 F.2d 136 certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; Kempe v. United States, 8 Cir., 151 F.2d 680. That courts must take judicial notice of not only the statutes but also of public proclamations by the executive is clear from Jenkins v. Collard, 145 U.S. 546, 12 S.Ct. 868, 36 L.Ed. 812; Green v. United States, 1 Cir., 176 F.2d 541; Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475. Even though the averments of the complaint are true, they cannot be treated as verities if they are in conflict with the statutes. Nev-Cal Electric Securities Co. v. Imperial Irr. Dist., 9 Cir., 85 F.2d 886.

Though the district court does not seem to have relied on the effect of the War Powers Act and the President's proclamation, defendant is entitled to rely upon same in support of the judgment below. As the Supreme Court said, in United States v. American Ry. Express Co., 265 U.S. 425, at page 435, 44 S.Ct. 560, at page 564, 68 L.Ed. 1087: " * * * it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."

Plaintiffs insist, however, that the War Powers Act did not include a grant of authority to the President to exempt contractors from giving payment bonds, but that its provisions are wide enough to excuse only performance bonds and that the executive order was beyond the authority granted by the Congress to the President in that it expressly included a waiver of payment bonds. We are of the opinion that the statute is not so restricted. We find no limitations in the War Powers Act upon the grant of power to the President as to the kind of statutory requirement that he might remove. On the contrary, it provides that the President may authorize any governmental department to enter into defense contracts without regard to the provisions of law relating to the making of such contracts. Consequently, the executive order is clearly within the powers granted by the Congress to the President.

Furthermore, we are of the opinion that the district court correctly disposed of the motion to dismiss, even though the War Powers Act be held inapplicable. Plaintiffs insist that the case is controlled by the reasoning in Strong v. American Fence Const. Co., 245 N.Y. 48, 156 N.E. 92. There the contractor promised the Government that it would furnish bonds. However, it failed to do so. The Court of Appeals for New York held not that the plaintiffs had a right to sue upon a bond which had not been given, the contract having been broken in that respect, but that they were entitled to sue the contractor for breach of contract to supply the bond. In other words, the promise having been made for the benefit of the material men, under the venerable doctrine of Lawrence v. Fox, 20 N.Y. 268, the beneficiaries had a right to sue as persons for whose benefit the promise had been made. But that is not our case. Here, no promise was broken; no tort committed; no implied agreement on the part of defendant is justified.

The judgment is

Affirmed.