UNITED STATES of America, For the Use and Benefit of VICTORY ELEC- TRIC CORP., et al., Plaintiffs,

v.

MARYLAND CASUALTY COMPANY, Defendant.

No. 62–C–707.

United States District Court
E. D. New York.

Jan. 31, 1963.

Seymour Goldstein, Brooklyn, N. Y., for plaintiffs.

Nevius, Jarvis & Pilz, New York City, for defendant; Emil V. Pilz, J. Edward Davey, Jr., New York City, of counsel.

BARTELS, District Judge.

This is a motion for partial summary judgment under Rule 56, Fed.Rules Civ. Proc., 28 U.S.C.A., or under Rule 12(c), Fed.Rules Civ.Proc., 28 U.S.C.A., for judgment on the pleadings on the ground that the Court has no jurisdiction over certain causes of action included in the complaint.

The complaint, in which nineteen parties are joined as use plaintiffs, sets forth forty-seven separate causes of action in which the plaintiffs seek to recover against the defendant as surety for Monti Marine Corporation (Monti) for labor and material allegedly supplied to Monti in connection with the prosecution of its work under contracts with the United States Government calling for the repair of the U.S.S. Gordon, U.S.S. Rankin, U.S.S. Capricornus and U.S.S. Tanner. With respect to twenty-four of the causes of action the prayer for relief includes a demand to direct the defendant to execute performance and payment bonds. The sole basis alleged for the jurisdiction of the Court is Section 270a and Section 270b, 40 U.S.C.A., commonly known as the Miller Act, pursuant to which plaintiffs seek recovery for labor and materials supplied to Monti in the repair of two of the ships, the U.S.S. Capricornus and the U.S.S. Tanner.

In June of 1961 the Brooklyn Navy Yard invited sealed bids for repair on the four ships above mentioned. The invitation [1] required that the bids be accompanied by a bid bond on United States Standard Form No. 24 [2] in the penal sum equal to 25% of the total price to secure the furnishing of the performance and payment bonds therein required. The authority for requiring a bid bond appears in the Armed Services Procurement Regulations. The invitation for bids further required the successful bidder "to furnish within ten (10) days of issuance of the job order a performance bond and a payment bond each in the amount of 75% of the price of the job order."

Monti, as principal, and Maryland Casualty Company, as surety, executed the bid bonds as required and Monti as successful bidder thereafter executed contracts for the repair of the four ships and also performance and payment bonds covering the work on U.S.S. Gordon and U.S.S. Rankin, but did not furnish performance and payment bonds covering the work on the U.S.S. Capricornus and the U.S.S. Tanner. This failure is the basis for the suit. The two bid

---

1. The pertinent portion of the invitation reads as follows:

 "With the exceptions indicated below, bids shall be accompanied by a bid bond on U.S. Standard Form No. 24 in the penal sum equal to 25% of the total price to secure the furnishing of the performance and payment bonds required herein. With the exceptions indicated below BIDS NOT ACCOMPANIED BY SUCH BID BOND SHALL BE REJECTED WITHOUT FURTHER CONSIDERATION."

2. The form used was Standard Form No. 24 as required in Rules and Regulations implementing Title 41, § 1–16.801.

bonds[3] for the last mentioned ships bound the principal and the surety to the United States upon the condition that if the principal as successful bidder executed the contractual documents required by the terms of the bid and gave "bonds with good and sufficient surety or sureties, as may be required, for the faithful performance and proper fulfillment of the resulting contract, and for the protection of all persons supplying labor and material in the prosecution of the work provided for in such contract," then the obligation became "void and of no effect, otherwise to remain in full force and virtue". Admittedly, the condition requiring the delivery of the performance and payment bonds covering these two ships was not fulfilled and the bid bonds consequently remain in effect. Since the plaintiffs base their claim under the Miller Act and since no performance or payment bonds were ever executed, defendant moves for a summary judgment or dismissal on the ground that the Court has no jurisdiction over the action.

Plaintiffs strongly argue that their claims come under the umbrella of the Miller Act but they add that if this be not true, then the Court has alternate jurisdiction of their claims under Section 1332(a), 28 U.S.C.A., based upon diversity of citizenship. But even this contention is tainted with the blemish that at least nineteen claims, whether alone or joined with other claims owned by the same plaintiffs, do not satisfy the $10,000 requirement. Plaintiffs seek to circumvent this obstacle by asserting that since five claims do satisfy this requirement, jurisdiction should be extended to include the other nineteen claims in order to avoid a multiplicity of suits. Cf., Orn v. Universal Automobile Association of Indiana, E.D.Wis.1961, 198 F. Supp. 377. Defendant points out that claims of different plaintiffs cannot be aggregated for diversity jurisdiction purposes (Thomson v. Gaskill, 1942, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951)

and adds that even if there be jurisdiction, defendant is entitled to a summary judgment because in no event can it be liable to the plaintiffs on the bid bonds.

 Where, as here, an objection is made to the Court's jurisdiction, it is unimportant that such objection is labelled a motion to dismiss or for summary judgment. Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85. At the threshold it is essential that the Court determine if it has jurisdiction, Williams v. Minnesota Mining & Manufacturing Co., S.D.Cal.1953, 14 F.R.D. 1, and if no such jurisdiction exists, it may *sua sponte* or on the suggestion of the parties dismiss the action. Battaglia v. General Motors Corporation, 2 Cir., 1948, 169 F.2d 254, cert. denied 335 U.S. 887, 69 S.Ct. 236, 93 L.Ed. 425; Kleinman v. Betty Dain Creations, S.D. N.Y.1949, 88 F.Supp. 637, aff'd 2 Cir., 189 F.2d 546; Rule 12(h) (2), 28 U.S.C. A. In making this determination, the Court should accord the complaint a broad and liberal interpretation. Pliner v. Nesvig, W.D.Wis.1942, 42 F.Supp. 297. Construing this complaint most liberally, the Court cannot escape the inevitable conclusion that it has no jurisdiction over these claims under any interpretation of the Miller Act because they are not suits under a performance or payment bond (see United States to Use of Acme Furnace Fitting Co. v. Ft. George G. Meade, etc., D.Md.1960, 186 F.Supp. 639, and cases cited at note 2 therein) but in effect, are demands for specific performance against the surety for the delivery of such bonds. No such action is authorized under the Miller Act, assuming that there was an obligation on this surety to furnish such bonds. Similarly, there is no authority under Section 1332(a), 28 U.S.C.A., for this Court to assume jurisdiction over claims less than $10,000 each simply because the Court may have jurisdiction over similar claims in excess of $10,000 each and the Court finds no authority to justify such action

3. The bid bond for the U.S.S. Capricornus was in the amount of $175,000, and the bid bond for the U.S.S. Tanner was in the amount of $100,000.

under any theory of pendent jurisdiction or avoidance of multiplicity of suits. If plaintiffs have a cause of action, they have misconceived its theory and the nature of their remedy.

■ Plaintiffs' cause, however, is not hopeless. Section 1352 of Title 28 of the United States Code provides:

"The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States."

If the Court has jurisdiction under this section, then the amount in controversy and the citizenship of the parties are immaterial. Jamaica Lodge 2188, etc. v. Railway Express Agency, Inc., E.D.N.Y.1961, 200 F.Supp. 253.

■ Two questions are presented, (1) whether bid bonds may be classified as bonds "executed under any law of the United States," and (2) whether plaintiffs may bring suit under such bonds although not named. The bid bond was required by the United States Navy, Third Naval District, New York, Naval Shipyard, Brooklyn, pursuant to Part 10 of the Armed Services Procurement Regulations, 32 C.F.R. § 10.101–1 et seq.[4] The authority to issue these Regulations appears in 32 C.F.R. § 1.101. Under Section 1352 the Court has retained jurisdiction of a suit based upon a Miller Act bond, although the suit was not permissible under the Miller Act, United States for Use and Benefit of Bryant Electric Co., Ltd. v. Aetna Casualty & Surety Company, 2 Cir., 1962, 297 F.2d 665, and has concluded that a receiver's bond required by the bankruptcy court payable to the United States for the

benefit of creditors is a bond executed under the laws of the United States. In re Walker Grain Co., 5 Cir., 1925, 3 F.2d 872, cert. denied Walker v. Wilkinson, 268 U.S. 701, 45 S.Ct. 637, 69 L.Ed. 1165. So here this Court believes that the bid bonds executed in this case are bonds executed under the laws of the United States, justifying the assumption of jurisdiction under the above section.

■ The next question is whether plaintiffs have any right to bring suit under these bonds. This of course, should not be confused with a determination of the merits of the suit. In construing surety bonds for the purpose of determining the right of a party to bring an action, a difference in approach has been adopted in interpreting the statutory surety bond from that pursued in interpreting a common law surety bond; the rationale being that in the case of the former the legislative intent and purport of the statute requiring the bond must be considered while in the case of the latter there is no such limitation. See Socony-Vacuum Oil Co. v. Continental Casualty Co., 2 Cir., 1955, 219 F.2d 645; 4 Corbin on Contracts §§ 798–803. There appears to be no legislative intent or policy, express or implied, in the authority and regulations authorizing the bid bonds, which prevents the Court from interpreting the same in accordance with their plainly stated meaning and purport.[5] In fact, such intent or policy that may be inferred therefrom shows a purpose to protect the supplier of labor and material. The purport of the bid bonds in this case seems to be twofold, (1) to protect the United States in case the bid is withdrawn or the con-

4. Section 10.101–1 defines a bid bond as a form of security accompanying a bid as assurance that the bidder will not withdraw his bid and to assure that he will execute a contract and furnish such other bonds as may be required. Section 10.102–2 states that bid bond is not necessary, unless the invitation for bid specifies that the contract must be supported by payment and performance bonds. Section 10.102–3 of the Regula-

tions provides that if it is determined that a bid bond is necessary then the amount required should be adequate to protect the government from loss should the bidder fail to put up the other bonds and specifically mentioned is a payment bond.

5. It is not important that the words of the bond are not words of "promise" in form but are words of condition. 4 Corbin on Contracts, pp. 177–178.

tractor fails to execute the contractual documents required or fails to give a performance bond, and (2) to protect suppliers of labor and material against the failure of the contractor to furnish a payment bond.[6]

The first branch of the promise protects the United States, and the second branch protects third parties. The parties bargained to confer benefits on the laborer and materialman and the surety was paid premiums for that protection. The Government suffers no injury by the failure of the contractor under the bid bond to deliver a payment bond. Thus if a payment bond is not delivered but repairs to the ships are completed and the performance bond satisfied, the Government has no complaint. Granted that suppliers of labor and material were the intended beneficiaries under the payment bond, it is immaterial that the promise or condition ran to the United States. See, Restatement, Contracts, § 145(a) (1932).

Strong v. American Fence Const. Co., 1927, 245 N.Y. 48, 156 N.E. 92, supports this result. There the contractor undertook to construct a veterans hospital for the United States and in connection therewith promised to furnish a surety bond required by an Act of Congress, insuring the fulfillment of the contract and "for the prompt payment to all persons or parties furnishing labor or materials" in the prosecution of the work. The contractor failed to give the bond and a supplier of labor and material was permitted to sue the contractor for the ensuing damages. While the suit was against the contractor and not the surety, the principle is the same. In permitting recovery Judge Cardozo said (id. at 53, 156 N.E. at 93):

"The promise to give a bond is not a bond nor an equivalent. To say this is not to say that it may be broken with impunity. A beneficiary of the promise, a laborer or ma-

terialman for whose protection it was given, has a right of action for the damages resulting from the breach. Lawrence v. Fox, 20 N.Y. 268; Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639 [2 A.L.R. 1187]. The promise was exacted by the promisee in fulfillment of a legal duty. It was exacted for the very purpose of assuring to the plaintiff and to others similarly situated the benefit of the security established by the statute."

■ It follows from the above that this Court has jurisdiction to entertain suit under the bid bonds pursuant to Section 1352 in plaintiffs' own names. The fact that plaintiffs failed to properly plead jurisdiction will not deprive the Court of such jurisdiction if the defect is later remedied. Walters v. Boyd, S.D. Texas 1960, 187 F.Supp. 479, 481; § 1653, 28 U.S.C.A. Since plaintiffs' action cannot remain in its present posture, the complaint should be amended to allege proper jurisdiction and to join as parties defendant both the principal, Monti Marine Corporation, and the United States.

Therefore, defendant's motions for summary judgment and judgment on the pleadings are denied and leave is granted plaintiffs to serve an amended complaint in accordance with this opinion within ten (10) days from the order to be entered hereon.

Believing that this decision raises at least two questions not heretofore decided requiring the defendant to litigate twenty-four claims which, should the Court's determination be erroneous on either point, would result in a futile waste of time and money to both plaintiffs and defendant, the Court grants the certificate pursuant to Section 1292, 28 U.S.C.A., requested by the defendant.

Settle order within ten (10) days on two (2) days' notice.

---

6. Respondent asserts that the bid bond is solely for the protection of the United States and relies on 39 Decs.Comp.Gen. 617 (1960). That opinion is inapposite since that bid bond was furnished in connection with the sale of surplus items and no other party except the government had an interest in the bidder's performance.