**UNITED STATES of America, For the Use and Benefit of VICTORY ELECTRIC CORP., et al., Plaintiffs,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

No. 62–C–707.

United States District Court
E. D. New York.

April 2, 1963.

Seymour Goldstein, Brooklyn, for plaintiffs.

Nevius, Jarvis & Pilz, New York City, for defendant; Emil V. Pilz, J. Edward Davey, Jr., New York City, of counsel.

BARTELS, District Judge.

Having heretofore denied defendant's motion for summary judgment and judgment on the pleadings the Court granted the defendant leave for reargument.

Aside from relative minor claims,[1] the essence of the defendant's argument is that the Court erred in two respects, in (1) holding that it had jurisdiction under Section 1352, 28 U.S.C.A., to entertain the action, and in (2) holding that the plaintiffs had a right to sue in their own names under the bid bond in question.

I

The real bone of contention in this case revolves around Section 1352, the defendant claiming that the bid bond executed by it is not "a bond executed under any law of the United States". As previously mentioned, this bond was executed pursuant to Part 10 of the Armed Services Procurement Regulations, 32 C.F.R. § 10.102–2, requiring a bid bond for a project when the invitation for bid specifies that the contract must be supported by payment and performance bonds, which was the fact in this case. The Court has re-examined the question whether the above regulations, under which the bond was issued, may be deemed the law of the United

States within the meaning of Section 1352.[2]

It has long since been settled that "* * * a regulation by a department of government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law if it be not in conflict with express statutory provision." Maryland Casualty Co. v. United States, 1919, 251 U.S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297. More recently, in G. L. Christian and Associates v. United States, 1963, 312 F.2d 418, 424, the Court of Claims in referring to a section of the Armed Services Procurement Regulations with respect to the question of the applicability of the standard termination clause to a housing contract under the Capehart Act, stated:

"As the Armed Services Procurement Regulations were issued under statutory authority, those regulations, including Section 8.703, had the force and effect of law. See Williams v. Commissioner of Internal Revenue, 44 F.2d 467, 468 (C.A.8, 1930); Ex parte Sackett, 74 F.2d 922–923 (C.A.9, 1935) * * *".

Similarly, regulations[3] issued by the Secretary of Agriculture under the Packers and Stockyards Act, 7 U.S.C.A. § 204, requiring market agencies and dealers in livestock to furnish specified bonds, have been deemed to have the force and effect of law for the purpose of permitting this Court to entertain suits under such bonds under Section 1352. Adams v. Greeson,

1. Certain technical arguments were raised, such as the fact that no premium was paid on the bid bond and that the Government waived the payment bond. It cannot be seriously contended that the bid bond was without consideration whether or not that consideration took the form of a premium paid or action on the part of the Government to accept the contractor as a qualified bidder in reliance upon the bid bond. The question of waiver is not one directed to the jurisdiction of the Court but rather to the merits of the case, which need not be con-

sidered at this juncture but should be relegated to the trial of the action.

2. The Miller Act, § 270a, 40 U.S.C.A., under which the original contract was awarded and which specifically requires performance and payment bonds, expressly provides that nothing in the "* * * section shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to those, or in cases other than the cases specified in subsection (a) of this section."

3. 9 C.F.R. § 201.29.

10 Cir., 1962, 300 F.2d 555; Hartford Accident and Indemnity Co. v. Baldwin, 8 Cir., 1958, 262 F.2d 202. Accordingly, the bond in this case was executed under the law of the United States.

## II

■ Defendant urges that even if the Court has jurisdiction under the bid bond, plaintiffs are not entitled to sue thereunder, claiming that the bond was never intended to benefit plaintiffs as indicated by the wording of the bond, and the fact that plaintiffs were not parties to the bond, citing Pidgeon Thomas Iron Co. v. Leflore County, 1924, 135 Miss. 155, 99 So. 677. While the Pidgeon case seems to support defendant's contention, the Court is unwilling to follow it as an authority over Strong v. American Fence Const. Co., 1927, 245 N.Y. 48, 156 N.E. 92. The other cases cited by the defendant are inapposite.

The fact that plaintiffs are not parties to the bond is immaterial under the principle of Lawrence v. Fox, 1859, 20 N.Y. 268, if plaintiffs were the intended beneficiaries. As previously indicated, the Court believes that they were the intended beneficiaries. See, Maryland Casualty Co. v. Fowler, 4 Cir., 1929, 31 F.2d 881, 63 A.L.R. 1375. In support of its contention the defendant argues that the rule of damages set forth in the bid bond clearly shows that only the United States was the intended beneficiary.[4] The measure of damages relied upon by the defendant refers not to the measure of damages upon the failure of the principal to furnish performance and payment bonds after it has executed the contract, but to the measure of damages upon the failure of the principal to enter into such contract *and* give such bonds. In this case the principal executed the contract and thereafter failed to furnish such bonds. There is nothing in the wording of the contract to militate against the Court's original conclusion. On the contrary, the intention to benefit the plaintiffs seems quite clear. Consequently, the measure of damages relied upon by the defendant has no application to this case.

## III

In its original opinion the Court permitted the service of an amended complaint joining the United States as a party defendant. Since this is a contract action involving over $10,000, a question has been raised whether the United States can possibly be joined as a party defendant in this suit. In truth, the Government would only be a party defendant nominally, while actually a party plaintiff, and could have been made an involuntary party plaintiff under Rule 19(a), Fed.Rules Civ.Proc., 28 U.S.C.A. However, the Government in open court has expressed its desire to join in the suit as a party plaintiff and accordingly the Court's original opinion is hereby modified to permit service of a copy of an amended complaint joining the United States as a party plaintiff instead of a party defendant.

The Court's original opinion, with the exception of the joinder of the United States as a party plaintiff instead of a party defendant, is adhered to, and a certificate pursuant to Section 1292, 28 U.S.C.A., as requested by the defendant, will be granted for the reasons previously expressed.

Settle order within ten (10) days on two (2) days' notice.

---

4. The specific provision referred to by the defendant is a condition in the bid bond which states that it would be void and of no effect if, among other things, the principal failed "to enter into such contract *and* give such bonds within the time specified, *if the principal shall pay* the Government the difference between the amount specified in said bond and the amount for which the Government may procure the required work, supplies, and services * * *". (Emphasis supplied)