813 F.2d 697
 34 Cont.Cas.Fed. (CCH) 75,254
 UNITED STATES of America for the Use of Texas Bitulithic
Company, A Division of Apac-Texas, Inc., Plaintiff-Appellant,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Gulf-Tex
Construction Company, Inc., Defendants-Appellees.
 No. 86-1327.
 United States Court of Appeals,
Fifth Circuit.
 April 3, 1987.
 
 J. Douglas Uloth, Mark Alan Calhoun, William A. Smith, Dallas, Tex., for plaintiff-appellant.
 J. Albert Kroemer, Susan Laurea, Dallas, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before VAN GRAAFEILAND,* HIGGINBOTHAM, and JONES, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 The United States of America for the use of Texas Bitulithic Company, a division of Apac-Texas, Inc., appeals from two orders of the United States District Court for the Northern District of Texas, Dallas Division (Buchmeyer, J.). The first order dismissed appellant's complaint against Gulf-Tex Construction, Inc. and Fidelity and Deposit Company of Maryland for lack of jurisdiction; the second order, which followed reconsideration of the first, directed that the case remain closed. For the reasons hereinafter discussed, we vacate both orders and remand to the district court for further proceedings.
 
 
 2
 Sometime prior to September 10, 1982, Gulf-Tex entered into a contract with the Small Business Administration for the construction of a Veterans Administration Hospital in Dallas, Texas. The Miller Act, 40 U.S.C. Secs. 270a, et seq., requires that a company undertaking the construction of a public building such as this furnish the United States with a bond "for the protection of all persons supplying labor and material in the prosecution of the work...." 40 U.S.C. Sec. 270a(a)(2). Gulf-Tex secured the necessary bond from Fidelity.
 
 
 3
 On September 10, 1982, Texas Bitulithic contracted with Gulf-Tex to top-grade and surface the roadways and parking area at the Hospital. Although Texas Bitulithic completed its work on November 6, 1984, it contends that $56,572.07 of the contract price remained unpaid. On December 16, 1985, Gulf-Tex made a partial payment of $28,286.03, leaving an amount of $28,286.04 allegedly due and owing. This suit, seeking recovery of the unpaid balance, was brought on December 30, 1985. The complaint contains two causes of action. The first seeks a Miller Act recovery against both Gulf-Tex and Fidelity on the bond; the second seeks a common law recovery against Gulf-Tex alone.
 
 
 4
 The Miller Act provides that no suit thereunder "shall be commenced [by a person furnishing labor or material] after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C. Sec. 270b(b). Relying on this provision and the more than one-year interval between November 6, 1984 and December 30, 1985, Gulf-Tex and Fidelity moved for summary judgment. In a Memorandum Opinion and Order dated April 14, 1986, the district court held that the Miller Act's one-year statute of limitation was jurisdictional and that, since the court had no jurisdiction, summary judgment was inappropriate and judgment could not be entered. It dismissed plaintiff's case for lack of jurisdiction. Although the district court granted Texas Bitulithic's motion for reconsideration, it held that its original order dismissing the case was correct and that the case remain closed.
 
 
 5
 Texas Bitulithic contends on appeal, as it did below, that Gulf-Tex and Fidelity are estopped from relying on the one-year limitation period. It bases this contention on alleged oral and written assurances from Gulf-Tex that Taxas Bitulithic's bill would be paid. In the district court's order reaffirming its decision to dismiss for lack of jurisdiction, the court said:
 
 
 6
 Assuming, however, that estoppel could be raised against the limitations period in this case, the Court would find that the factual context is insufficient as a matter of law to support a claim of estoppel.
 
 
 7
 Because the district court already had decided that it had no jurisdiction to consider the merits of the estoppel claim, this was not a binding determination reviewable by this Court. See Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 512 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980); Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir.1977). We therefore limit our consideration to the question of jurisdiction.
 
 
 8
 The one-year limitation period at issue herein has had a long and litigious history. It originated in an 1894 Act entitled "An Act for the Protection of Persons Furnishing Materials and Labor for the Construction of Public Works", 28 Stat. 278, known more familiarly as the Heard Act. The Heard Act, as amended in 1905, 33 Stat. 811, provided for suit on contractors' bonds by materialmen and laborers, but that such "suit shall be commenced within one year after the performance and final settlement of the contract and not later." The consensus of the courts which were asked to construe the Heard Act's limitation provision was that the time within which suit had to be brought operated as a limitation of the liability itself and not of the remedy alone, i.e., that it was a condition attached to the right to sue. Baker Contract Co. v. United States ex rel. Pennock, 204 F. 390, 396-97 (4th Cir.1913); United States ex rel. Gibson Lumber v. Boomer, 183 F. 726, 730 (8th Cir.1910). These cases followed the then well-established rule that where a statute creates a new liability and gives a special remedy for it, the limitations upon the liability become a part of the right conferred and "compliance with them is made essential to the assertion and benefit of the liability itself." United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162, 34 S.Ct. 550, 552, 58 L.Ed. 893 (1914).
 
 
 9
 When Congress enacted the Miller Act in 1935, it repealed the Heard Act. 49 Stat. 793, 794. However, it copied that Act's limitation period almost verbatim: "no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract." Id. The only change in this provision since 1935 occurred in 1959, when Congress simplified the provision's administration by changing the starting point of the limitation period to its present form, the "day on which the last of the labor was performed or material was supplied." 73 Stat. 279 (Pub.L. 86-135, now 40 U.S.C. Sec. 270b(b)). It is not surprising, therefore, that a majority of the Circuit Courts, in construing the Miller Act's provisions, have followed the lead of the Heard Act courts and treated the one-year requirement as a substantive limitation of the rights conferred by the Act. See the citations of authority in United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co., 573 F.2d 245, 247 (5th Cir.1978); see also Delduca v. United States Fidelity & Guaranty Co., 357 F.2d 204, 208 (5th Cir.1966); United States ex rel. Dover Elevator Co. v. General Ins. Co., 339 F.2d 194, 195 (6th Cir.1964) (per curiam). However, to the extent that the word "jurisdictional" is used in those cases, it refers to the conditional nature of the right to sue, not to the jurisdiction of the court itself.
 
 
 10
 "Jurisdiction is not to be equated with ultimate success on the merits." Reynolds v. Sheet Metal Workers, Local 102, 702 F.2d 221, 224 (D.C.Cir.1981). Since 1948, the district court has had express statutory jurisdiction to hear a case such as the instant one, which is an "action on a bond executed under [a] law of the United States." 28 U.S.C. Sec. 1352. See United States ex rel. Empire Plastics Corp. v. Western Casualty & Surety Co., 429 F.2d 905, 906 (10th Cir.1970); United States ex rel. Bryant Electric Co. v. Aetna Casualty & Surety Co., 297 F.2d 665, 669 (2d Cir.1962). The district court should have exercised that jurisdiction in the instant case.
 
 
 11
 The Supreme Court has made it very clear that classification of a statutory limitation period as substantive rather than procedural does not preclude its enlargement under equitable principles of estoppel. See Burnett v. New York Central R. Co., 380 U.S. 424, 426-27 & n. 2, 85 S.Ct. 1050, 1053-54 & n. 2, 13 L.Ed.2d 941 (1965); Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 232-33, 79 S.Ct. 760, 761-62, 3 L.Ed.2d 770 (1959); see also American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 556-59, 94 S.Ct. 756, 767-69, 38 L.Ed.2d 713 (1974). This Court has recognized the trend of the foregoing decisions and followed it. Pinkard v. Pullman-Standard, a Division of Pullman, Inc., 678 F.2d 1211, 1217 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 588-94 (5th Cir.1981). Although this Court has not yet squarely held that the doctrine of the foregoing cases applies to the Miller Act, other courts have done so. See United States ex rel. Nelson v. Reliance Ins. Co., 436 F.2d 1366, 1370 (10th Cir.1971); United States ex rel. Humble Oil & Refining Co. v. Fidelity and Casualty Co., 402 F.2d 893, 897-900 (4th Cir.1968); United States ex rel. E.E. Black, Ltd. v. Price-McNemar Constr. Co., 320 F.2d 663, 665-66 (9th Cir.1963). In view of the liberal construction which this Court traditionally has given the Miller Act, Trinity Universal Ins. Co. v. Girdner, 379 F.2d 317, 318 (5th Cir.1967) (per curiam), we see no reason for adopting a different course. See General Ins. Co. v. United States ex rel. Audley Moore & Son, 406 F.2d 442, 444 (5th Cir.), cert. denied, 396 U.S. 902, 90 S.Ct. 214, 24 L.Ed.2d 178 (1969).
 
 
 12
 We hold that the district court had subject matter jurisdiction over the Miller Act cause of action and that the defendants may be estopped from relying on the Act's one-year limitation period if sufficient equitable considerations exist to warrant Texas Bitulithic's claim of estoppel. We vacate the orders appealed from and remand to the district court, so that a determination may be made as to whether such equitable considerations do exist. Passing mention is made in the present record of several telephone conversations between Gulf-Tex and Texas Bitulithic which allegedly dealt with assurances of payment. Mention is also made of then-pending attempts by Gulf-Tex to secure the release of additional funds from the Veterans Administration, which would be used to pay materialmen and contractors. We think the district court is entitled to further enlightenment on these matters before being asked to pass upon the claim of estoppel.
 
 
 13
 Since, as we hold, the district court has jurisdiction over the Miller Act cause of action, it will have to consider upon remand whether to exercise pendent jurisdiction over Texas Bitulithic's common law cause of action against Gulf-Tex. See Miller Equipment Co. v. Colonial Steel and Iron Co., 383 F.2d 669, 674 (4th Cir.1967), cert. denied, 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148 (1968). The district court need give no consideration, however, to Texas Bitulithic's contention that the court should apply Texas limitations law and hold that, under that law, the partial payment by Gulf-Tex on December 16, 1983 started the Miller Act limitation period running anew. The Miller Act provides a federal cause of action, and the extent of the limitation period must be determined in accordance with federal law. See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974); United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co., supra, 573 F.2d at 247.
 
 
 14
 The orders appealed from are vacated, and the action is remanded to the district court for further proceedings consistent herewith. Costs to plaintiff-appellant.
 
 
 
 *
 Circuit Judge of the Second Circuit, sitting by designation