FMI CONTRACTING CORPORATION,
Appellant,

v.

FEDERAL INSURANCE COMPANY,
Appellee.

No. 2–91–033–CV.

Court of Appeals of Texas,
Fort Worth.

April 29, 1992.

Rehearing Overruled June 2, 1992.

Canterbury, Stuber, Elder & Gooch, P.C., and Bentley C. Kelly, III, Dallas, for appellant.

Winstead Sechrest & Minick, P.A., and Michelle I. Bennet Rieger, Dallas, Brown, Herman, Scott, Dean & Miles, and Richard W. Wiseman, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

OPINION

FARRIS, Justice.

FMI Contracting Corporation (FMI) appeals an order dismissing its suit against Federal Insurance Company (FIC) because of lack of jurisdiction over the subject matter of the suit. FIC had issued a performance and payment bond to Walker Construction Company (Walker) the general contractor under a contract providing that Walker was to build improvements on property, known as Air Force Plant No. 4, owned by the United States. FMI sued Walker and FIC for breach of contract. FMI contended it was a subcontractor protected by FIC's bond. FIC moved for summary judgment to dismiss the suit contending that it was not subject to the jurisdiction of the trial court because Walker's construction contract was subject to the Miller Act and exclusive jurisdiction lies with the United States District Court. *See* 40 U.S.C.A. § 270a, *et seq.* (West 1986). The trial court considered the summary judgment motion as a motion to dismiss for

want of jurisdiction, dismissed the suit against FIC, and severed the remaining action.

■ Although the construction was on United States property, the "owner" named in the construction contract and bond was General Dynamics and the construction was for its use. We hold the trial court properly dismissed the suit for want of jurisdiction and that the claim against FIC was governed by the Miller Act, even though the bond identified General Dynamics as the owner and made reference to suit in a "state court of competent jurisdiction."

■ The Miller Act requires a bond whenever a construction contract exceeds $25,000 and involves the construction, alteration or repair of any public building or public work of the United States. *See* 40 U.S.C.A. § 270a (West 1986). Exclusive jurisdiction of suits under the Miller Act lies with the United States District Court. *Id.* at § 270b(b).

The policy behind the Miller Act is to protect the suppliers of labor or materials on a construction project involving the United States government. *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216, 77 S.Ct. 793, 797, 1 L.Ed.2d 776, 782 (1957).

> Ordinarily, a supplier of labor or materials on a private construction project can secure a mechanic's lien against the improved property under state law. But a lien cannot attach to Government property [citation omitted], so suppliers on government projects are deprived of their usual security interest. The Miller Act was intended to provide an alternative remedy to protect the rights of these suppliers.

*F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 122, 94 S.Ct. 2157, 2161, 40 L.Ed.2d 703, 709 (1974).

■ As both parties state in their briefs, the Act is to be broadly and liberally construed. *Id.* at 124, 94 S.Ct. at 2162, 40 L.Ed.2d at 710–11. Contracts that have been construed as subject to the Miller Act include a contract involving a nonappropri-

ated fund activity, *see United States ex rel. Empire Plastics Corp. v. Western Casualty & Surety Co.*, 429 F.2d 905, 906 (10th Cir.1970), a contract for the construction of a library at a private university, *see United States ex rel. Noland Co. v. Irwin*, 316 U.S. 23, 28, 62 S.Ct. 899, 901, 86 L.Ed. 1241, 1244–46 (1942), and a contract that did not name the United States as a party, *see United States ex rel. Gamerston & Green Lumber Co. v. Phoenix Assurance Co.*, 163 F.Supp. 713, 715 (N.D. Cal.1958). Moreover, government funding is not the sole factor in determining whether the Miller Act applies: "[i]t must be true that either (1) the subcontractors and suppliers of material could assert an action for equitable recovery against the United States or one of its agencies, or (2) normal state labor and material lien remedies are unavailable because of federal ownership of the lands." *United States ex rel. Mississippi Road Supply Co. v. H.R. Morgan, Inc.*, 542 F.2d 262, 266 (5th Cir.1976), *citing United States ex rel. Miller v. Mattingly Bridge Co.*, 344 F.Supp. 459, 462 (W.D. Ky.1972), *overruled on other grounds*, 554 F.2d 164 (5th Cir.1977).

In *Morgan* the prime contractor, Morgan, furnished the project owner, Chata Development Corporation, a payment and performance bond. *Morgan*, 542 F.2d at 264. Chata held a 25–year lease on the improvements to the property from a group acting with government agency approval, the Mississippi Band of Choctaw Indians. Suit was commenced under the Miller Act allegedly due to the extent of involvement of the United States because of its funding in the form of grants to Chata from the Economic Development Administration. *Id.* at 265. The grants were paid through Chata to Morgan. The court then concluded by virtue of the two-prong test that the Miller Act was not applicable because although no lien could be attached to the federal government's residual ownership, there was no reason that a lien could not attach to the leasehold interest of Chata under state law. *Id.* at 266.

The parties to this appeal assert contrary positions as to whether or not a lease exists between General Dynamics and the United

States. However, FMI put forth no summary judgment proof to show the existence of a lease in its attempt to assert that a lease would keep jurisdiction in state court. FMI merely asserted such proposition in its cross-motion for summary judgment and its brief; therefore, we hold that under the two-prong test this case falls under the Miller Act because of the impossibility of any remedy in state court due to the federal ownership of the land. *See Rich,* 417 U.S. at 122, 94 S.Ct. at 2161, 40 L.Ed.2d at 709; *Morgan,* 542 F.2d at 265.

Moreover, the express provisions of the contract between Walker and General Dynamics provided for ownership of the work site to be that of the United States. The contract expressly provided:

It is mutually recognized that the Fort Worth Division of General Dynamics Corporation is situated upon and occupies Government-owned facilities designated as Air Force Plant No. 4 and unless otherwise indicated, the work site under this contract shall be U.S. Government property under Federal jurisdiction.

. . . .

When any progress payment is made under this contract, title to all property located on the construction site, incorporated or to be incorporated in the work, shall forthwith vest in the United States, and title to all property thereafter acquired for incorporation shall forthwith vest in the United States upon its acquisition.

No doubt can possibly exist as to the ownership of the improvements to the property vesting in the United States by virtue of these contract provisions; this is further proof that the Miller Act is applicable to this action.

Lastly, we point out that FMI's reliance upon a liberal construction of the Miller Act is misplaced as the line of cases supporting liberal interpretation is to place the cause of action within the Miller Act, not to remove the case from the Miller Act.

Concluding, the construction contract called for Walker to construct improvements on property belonging to the United States and was governed by the Miller Act.

Accordingly, the trial court properly dismissed FMI's suit to recover under FIC's bond.

The trial court's dismissal order is affirmed.