494

Donald E. PETZ, Plaintiff,

v.

ETHAN ALLEN, INC., Retirement Committee for the Retirement Plan, Administrative Committee for the Profit Sharing Plan, All Employee Benefit Plans, Defendants.

Civ. No. B-84-288-TF6D.

United States District Court,
D. Connecticut.

Jan. 15, 1985.

Diana M. Sikorsky, Sikorsky & Sikorsky, Old Lyme, Conn., for plaintiff.

Jeffrey C. Pingpank, Richard A. Ferris, Louis B. Blumenfeld, Cooney, Scully & Dowling, Hartford, Conn., for defendants.

John D. Moore, John W. Lemega, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., for defendants Curcio and Kotowsky.

James E. Rice, Gregory C. Willis, Marsh, Day & Calhoun, Bridgeport, Conn., for Pendleton.

Richard C. Robinson, Sorokin & Sorokin, P.C., Hartford, Conn., Hartford Life & Acc. Ins.

DALY, Chief Judge.

After review, and over objection, the decision of the Magistrate is adopted, approved and ratified.

*RULING ON MOTION TO COMPEL*

December 10, 1984

THOMAS P. SMITH, United States Magistrate.

In this action for infliction of emotional distress and for violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), the plaintiff seeks discovery of documents pertaining to plaintiff's health, his work performance evaluations and termination from employment, and to defendant Ethan Allen's personnel policies and retirement benefit plans. Plaintiff's motion to compel should in the main be granted, with the exception and conditions discussed below.

This motion relates to documents originally requested on June 12, 1984, at which time plaintiff noticed the deposition of Mr. A.R. Curcio, an officer of the defendant corporation and a fiduciary of its retirement benefit plan. Rather than present Mr. Curcio along with the requested production, Ethan Allen filed a motion for protective order on June 25, 1984. Subsequently on July 24, 1982, defendants requested that their motion be held in abeyance pending completion of the parties' efforts to resolve their differences. However, defendants complied only partially with plaintiff's narrowed discovery requests when the Curcio deposition was held on August 23, 1984. Subsequent to the filing of the instant motion, Ethan Allen made certain of the requested documents available for plaintiff's inspection. Consequently, the court need discuss only those documents and requests with regard to which defendant continues to claim privilege or assert overbreadth or burdensomeness.

■ Defendant argues against the production of documents relating to plaintiff Petz's termination on the grounds that the deponent Curcio was not a party deponent. This assertion is incorrect; as Vice President and Director of Personnel and Labor Relations, Mr. Curcio is a corporate officer and thereby a party deponent. More importantly, the court finds that the request for documents relating to the replacement of plaintiff as director of sales and any transfer offer made to him to be highly relevant to plaintiff's claims and far from burdensome. These must be produced, along with the requested health data related to the plaintiff. Broad requests for production are not necessarily harassing or burdensome where the party requesting discovery is ignorant of the specific contents of the opposing party's records. *United States v. IBM Corp.*, 83 F.R.D. 92 (S.D.N.Y.1979); *Atlantic Coast Insulating Co. v. United States*, 34 F.R.D. 450 (E.D.N.Y.1964). Requests for production of relevant unprivileged documents are to be liberally construed. *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y.1970). In the

present case, health information dating from 1979 is likely to be obtainable readily from personnel or insurance records and is relevant to plaintiff's reasonable supposition that his health may have been a factor in Ethan Allen's decision to replace him.

■ Similarly, plaintiff's request for the Ethan Allen personnel policy manuals in effect during the period 1980 to the present is clearly reasonable and defendant should comply if it has not already done so. The relevance of Interco and Baumritter corporation manuals is less clear; defendants need not produce these absent plaintiff's making a persuasive showing of their relevance.

■ Defendants object also to the production of documents showing the membership of the board of directors and chief executive officers of Ethan Allen and the members of the retirement committee and the administrative committee for the profit sharing plan. At issue in this case is a possible breach of fiduciary duty on the part of those charged with administering Ethan Allen's retirement benefit plans. ERISA provides in pertinent part that:

> A person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (III) he has any discretionary authority or discretionary responsibility in the administration of such plan.

Section 3(21) ERISA, 29 U.S.C. § 1002(21). Clearly, plaintiff's request for the names of those responsible for administering Ethan Allen's plan is reasonable and, contrary to defendants' assertions, relevant to the subject matter of this litigation.

■ Finally, the defendant argues that certain of the requested documents are nondiscoverable on the basis of attorney-client privilege or privacy concerns. Defendants assert incorrectly that documents relevant to plaintiff's claims under ERISA and held by defendants' counsel are not freely discoverable. Apparently deponent

Curcio meets the criteria for fiduciary status under ERISA. When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries. *Washington-Baltimore Newspaper Guild v. Washington Star Co.,* 543 F.Supp. 906 (D.C.Cir.1982); *see also Quintel Corp. v. City Bank,* 567 F.Supp. 1357, 1361 (S.D.N.Y.1983); *Donovan v. Fitzsimmons,* 90 F.R.D. 583 (N.D.Ill.1981). Further, a party asserting protection under the work product doctrine must identify the withheld documents with sufficient particularity that the opposing counsel can intelligently argue that the doctrine ought not to apply. Defendants have failed to do so here; rather, defendants simply assert that the work product doctrine applies and that the plaintiff has not met his burden of showing good cause to discover the "privileged" documents.

■■■■ Defendants have misinterpreted the allocation of burdens under our liberalized discovery rules. Until a court is satisfied that bad faith or harassment motivates the party seeking discovery, a court will not intervene to limit the scope of discovery. *Stonybrook Tenants Ass'n., Inc. v. Alpert,* 29 F.R.D. 165, 167 (D.Conn. 1961). The burden is on the objecting party to show that a hardship or injustice will be caused by the use of a particular mode of discovery. *Id.* The defendants' fiduciary duty to plaintiff under the provisions of ERISA overrides any attorney-client privilege they might assert as to documents relating to plaintiff's claim under defendants' retirement benefit plans. Accordingly, all documents dealing with the processing of Mr. Petz's benefit claim must be produced.

■■■■ Defendants argue also that release of information regarding the job performance of plaintiff's immediate supervisor, Mr. Henry Suerth, would "constitute an invasion of Mr. Suerth's privacy." Certainly the work performance of Mr. Suerth is relevant to the issues in this litigation, in that Mr. Suerth informed plaintiff of Ethan Allen's dissatisfaction with his work performance; presumably, Mr. Suerth also had a role in evaluating the plaintiff's work. In evaluating discovery requests, courts have recognized that interests in privacy may call for a measure of extra protection. *Wiesenberger v. W.E. Hutton & Co.,* 35 F.R.D. 556 (S.D.N.Y.1964). Consequently, a court may exercise broad discretion to manage the discovery process in a fashion that will implement full disclosure and, at the same time, afford the participants protection against harmful side effects. 4 Moore's *Federal Practice* § 26.67 at 26–427 (1984).

■■■■ For example, in employment discrimination cases courts have ordered the production of personnel records and have issued protective orders to give appropriate regard to the privacy and dignity of affected individuals. *See, e.g., Carr v. Monroe Manufacturing Co.,* 431 F.2d 384 (5th Cir.), *cert. denied* 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971); *Christy v. United States,* 68 F.R.D. 375 (N.D.Tex. 1975). Similarly in *Thomas v. Board of Trustees of Regional Community Colleges,* 599 F.Supp. 331 (D.Conn.1984), Judge Dorsey limited the inspection of personnel files in an employment discrimination case to parties and their attorneys. Accordingly, the defendants are ordered to produce the job performance evaluations of Mr. Henry Suerth for inspection by plaintiff's counsel in the office of counsel to the defendants.

Plaintiff's motion to compel is denied without prejudice with respect to the production of the personnel policy manuals of Interco and Baumritter. With respect to requests for production which remain in dispute despite defendants' apparent partial compliance on November 2, 1984, plaintiff's motion to compel is granted. The defendants are directed to present, within 20 days of this date, these outstanding documents for inspection and copying, with the exception of Mr. Suerth's job evaluations which are only to be inspected and solely by plaintiff's counsel.