UNITED STATES of America,
Plaintiff-Appellee,

v.

Fred J. EVANS, Defendant-Appellant.

No. 85–5208.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1986.

Decided July 31, 1986.

Leon W. Weidman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

David E. Kenner, Encino, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, KENNEDY and BEEZER, Circuit Judges.

PER CURIAM:

Defendant Evans appeals from a jury conviction of 28 counts of mail fraud and embezzlement in violation of 18 U.S.C. §§ 1341 (1982), mail fraud, 664 (1982), embezzlement from an employee pension benefit plan, and 1027 (1982), false statements in relation to documents required by the Employee Retirement Income Security Act. Evans claims that the district court abused its discretion by denying his motions to: (1) sever counts relating to embezzlement from a pension fund from counts relating to defrauding a creditor; (2) exclude evidence of prior convictions for fraud and

embezzlement; (3) strike testimony of the defrauded pension plan's lawyer on grounds of attorney-client privilege because Evans was the plan trustee, and (4) dismiss for vindictive prosecution. We affirm.

Evans, president of J.W. Carroll and Sons, Inc. ("JWC"), caused JWC employees to submit fictitious bills of lading to Talcott Company ("Talcott"), a commercial lender with whom JWC had a line of credit, as outstanding accounts receivable for which JWC was entitled to receive funds under the terms of a security agreement between Talcott and JWC.

Using his position as trustee of a Defined Benefit Pension Plan regulated under ERISA, Evans ordered $250,000 in pension funds withdrawn contrary to law and to the advice of counsel. The funds were used to purchase raw materials for JWC and thus postpone the company's bankruptcy. When required to account for the missing funds by the plan's lawyer, Evans submitted falsified account statements.

## I

■ Joinder of counts relating to pension plan embezzlement and counts relating to fraud on a creditor did not violate Fed.R. Crim.P. 8(a), and it was not an abuse of discretion to deny Evans' motion to sever under Fed.R.Crim.P. 14. "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir.1981); *see United States v. Roberts*, 783 F.2d 767, 769 (9th Cir.1985) (affirming joinder of counts of fraud on a creditor, bankruptcy fraud, and perjury to conceal assets from a bankruptcy trustee, where the underlying violations were committed in a common scheme to save a bankrupt business). Severance was not required since evidence relating to each group of counts would have been admissible in a separate trial on the other group of counts to show intent, lack of mistake, etc. *See* Fed.R.Evid. 404(b); *United States v.*

*Irvine*, 756 F.2d 708, 712 (9th Cir.1985) (per curiam).

## II

■ Evidence of Evans' prior conviction of false statements and mail and securities fraud was admissible under Fed.R.Evid. 404(b). The conviction was for offenses sufficiently like the false statement and mail fraud charges to be relevant. *Cf. United States v. Ford*, 632 F.2d 1354, 1375 (9th Cir.1980) (evidence of embezzlement of funds from a trust admissible to prove intent to embezzle funds in a pension credit scheme). Moreover, the intent required in the prior crimes was similar to the intent required under the present charges. *See United States v. McCollum*, 732 F.2d 1419, 1424 (9th Cir.1984). The events leading to the prior conviction were not so distant in time as to make them irrelevant—they occurred six years prior to the commission of the offenses involved here.

The relevance of the prior conviction to the embezzlement counts is less clear, but since all of the crimes involved the conversion of assets (whether by embezzlement or by fraud) through the misstatement of financial information, we cannot conclude the district court abused its discretion in admitting the evidence of the prior convictions as relevant to all of the counts charged, especially in light of the limiting jury instructions given by the district court.

## III

■ It was not an abuse of discretion to admit the testimony of William Standish, an attorney hired by Evans in his capacity as trustee of the pension plan, and to deny Evans' motion to dismiss the indictment for interference with the attorney-client privilege. The district court's finding that Standish represented Evans only in his capacity as plan trustee and not personally is not clearly erroneous. There is no attorney-client privilege between a pension trustee and an attorney who advises the

trustee regarding the administration of the plan. *See, e.g., Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F.Supp. 906, 908–10 (D.D.C. 1982). This is because,

> [a]s a representative for the beneficiaries of the trust which he is administering, the trustee is not the real client in the sense that **he** is personally being served. And, the beneficiaries are not simply incidental beneficiaries who **chance** to gain from the professional services rendered. The very intention of the communication is to aid the beneficiaries. The trustee ... cannot subordinate the fiduciary obligations owed to the beneficiaries to their own private interests under the guise of attorney-client privilege.

*Id.* at 909 (quoting *Riggs National Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709, 713–14 (Del.Ch.1976)). (Emphasis in original). The district court did not abuse its discretion because the attorney-client privilege was not implicated.

### IV

█ It was not error to deny Evans' motion to dismiss for vindictive prosecution, and Evans' motion for an evidentiary hearing on this issue. Evans asserts he was prosecuted because he failed to pay a civil judgment obtained by the Department of Labor in an action relating to the events underlying the present case, and because he is a previously convicted felon. To state a claim of vindictive prosecution, the defendant must "make an initial showing that charges ... were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982). Assuming the truth of Evans' assertions, they do not constitute the required "threshold showing of vindictiveness or the likelihood of it" prerequisite to a judicial inquiry into the prosecutor's motives. *Id.* at 1169.

AFFIRMED.