OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that Supreme Court correctly determined that the attorney-client privilege was not applicable to certain questions asked defendant at his examination before trial. Accordingly, defendant was properly compelled to answer.
The questions regarding whether legal advice was obtained and how such advice was paid for were not protected. The attorney-client privilege extends only to confidential communications made to an attorney for the purpose of obtaining legal advice (see, Matter of Priest v Hennessy, 51 NY2d 62, 69). Whether an attorney was consulted and who paid the legal fees do not ordinarily constitute such confidential communications (see, id.). We are not persuaded that the instant case falls outside the general rule (cf., Banco Frances e Brasilerio S. A. v Doe, 36 NY2d 592, 599; Matter of Kaplan [Blumenfeld], 8 NY2d 214, 218-219).
In addition, the Appellate Division correctly held — given the particular matters in issue about which disclosure was sought —that plaintiffs were entitled to inquire concerning the substance of the legal advice. It appears from the submissions that defendant consulted the attorneys, at least in part, in his capacity as trustee of the trust of which plaintiffs are benefi *718 claries. Under these circumstances, where a fiduciary relationship is present, some courts have held that the attorney-client privilege does not attach at all (see, United States v Evans, 796 F2d 264, 265-266 [9th Cir]; Washington-Baltimore Newspaper Guild v Washington Star Co., 543 F Supp 906, 909 [DDC]; Riggs Natl. Bank v Zimmer, 355 A2d 709, 713-714 [Del]) while other courts have held that the privilege attaches but that it may be set aside by a showing of good cause (see, Quintel Corp. v Citibank, 567 F Supp 1357, 1360-1362 [SD NY]; see also, Garner v Wolfinbarger, 430 F2d 1093, 1103-1104 [5th Cir]). We agree with the Appellate Division that "good cause” is present here (142 AD2d 906, 910-911). Therefore, the communications are not privileged in any event.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum. Certified question answered in the negative.