■ In the Matter of HENRY C. NELSON, SR., Deceased. ESTATE OF HENRY C. NELSON, JR., Appellant; EDNA N. UTTAL et al., Respondents.—In a proceeding for the settlement of intermediate accounts of the trustee of certain trusts created

under the will of Henry C. Nelson Sr., deceased, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Scancarelli, S.), dated January 22, 1990, which (1) granted the motion by the objectants for renewal of their motion for disclosure, and upon renewal, directed the production of certain documents, and (2) denied the cross motion of the appellant for reargument of the objectants' motion for disclosure.

Ordered that the appeal from so much of the order as denied the cross motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellant.

Henry C. Nelson, Sr., died in 1963 leaving a will which established three trusts with several of his relatives as the beneficiaries. His three executors, who became the joint trustees of each trust, were (1) his son, Henry C. Nelson, Jr., (2) his attorney, Samuel M. Lovett, and (3) Marine Midland Bank, N. A. In 1986, the three trustees petitioned for a judicial settlement of their intermediate accounts as joint trustees of each trust. Objections to the accountings were filed by the majority of the beneficiaries (hereinafter the objectants). The objectants basically claimed that the three trustees improvidently retained all of the shares of a corporation wholly owned by the three trusts as the value of those shares declined, resulting in the sale of those shares at a greatly depreciated value.

The objectants moved to compel disclosure of over 140 documents which Samuel Lovett, who is an attorney, refused to produce, claiming they were shielded from disclosure by the attorney-client privilege between himself (the attorney) and his alleged client, Henry C. Nelson, Jr. The objectants argued that Mr. Lovett was not acting as an attorney for the trusts or trustees, but only as a cotrustee. In opposition to the motion, Henry C. Nelson, Jr., claimed that the question of whether the documents were shielded from disclosure by the attorney-client privilege could not be resolved until the deposition of Mr. Lovett was completed. Apparently, Mr. Lovett had been deposed by the objectants' counsel but not by counsel for Henry C. Nelson, Jr. Mr. Lovett also opposed the motion to compel, alleging, in an affirmation by his attorney, that the documents

were protected by the attorney-client privilege. Mr. Lovett did not submit his own affidavit in opposition.

The Surrogate's Court conducted an in-camera inspection of the documents and found that all but 19 of them were not attorney-client communications, and directed their production. The objectants later renewed their motion to compel disclosure of the remaining 19 documents based on the decision of the Court of Appeals in *Hoopes v Carota* (74 NY2d 716). Henry C. Nelson, Jr., cross-moved for reargument basically raising the same argument he raised in opposition to the original motion to compel, i.e., that the issue of the attorney-client privilege could not be resolved until his counsel had the opportunity to depose Mr. Lovett. In the order appealed from, the Surrogate's Court granted renewal, and directed the production of the remaining 19 documents. The court denied the cross motion.

The appellant's main argument on appeal is that the court's order was premature since the deposition of Mr. Lovett had not been taken by counsel for Henry C. Nelson, Jr. We find that argument to be without merit. Mr. Lovett and Mr. Nelson were cotrustees and coparties to this proceeding. The objectants' motion to compel disclosure was made against all three trustees and both Mr. Nelson and Mr. Lovett opposed the motion. Accordingly, Mr. Lovett could have supplied the alleged missing deposition information in an affidavit opposing the motion. Since Mr. Lovett failed to take advantage of that opportunity, the court properly proceeded without that deposition. Furthermore, the court correctly determined that the documents were not protected from disclosure by the attorney-client privilege, since the objectants made a showing of good cause for the disclosure of the documents and Mr. Nelson failed to demonstrate why the documents should not be disclosed *(see, Hoopes v Carota,* 74 NY2d 716, *supra).* Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.