Joseph P. ROCK, Jr., Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Kemper Securities, Inc., as successor in interest to Boettcher & Company, Inc., Long Term Disability Benefits Plan, et al., Defendants.

Civil Action No. 94–WY–2939–CB.

United States District Court,
D. Colorado.

March 22, 1996.

Robert L. Liebross, Denver, CO, William H. ReMine, III, Englewood, CO, for plaintiff.

William Rapson, Denver, CO, for Kemper defendants.

Sandra L. Spencer, Denver, CO, for defendant UNUM.

## ORDER

ABRAM, United States Magistrate Judge.

This matter comes before the Court regarding UNUM Life Insurance Company of America's ("UNUM") Motion for Protective Order, filed March 7, 1996. UNUM has filed this motion seeking to preclude the deposition of Kevin Tierney, UNUM's Senior Vice President and General Counsel.

On February 29, 1996, Plaintiff informed UNUM that he would like to take the deposition of an attorney from UNUM General Counsel's Office regarding three issues: 1) the meanings of the terms "basic monthly earnings" and "mental illness" in the policy at issue in this action; 2) the meaning of "basic monthly earnings" in any UNUM group long term disability policy which covers stock brokers; and, 3) briefs filed in any lawsuit in which a party argued that UNUM was incorrectly applying the definition of either "mental illness" or "basic monthly earnings" in a UNUM group long term disability policy. *See* Motion, Exh. A, Letter dated 2/29/96 from Plaintiff's counsel to Defense counsel, at 1. Plaintiff claims that the meanings of these terms are critical to this action. Plaintiff believes that, in 1987, UNUM initiated a project (the "BME project"), the goal of which was to establish a definition of "basic monthly earnings." Plaintiff alleges that the BME project continued at least until 1991, and that UNUM attorney G. Steven Rowe has knowledge of this project. Mr. Rowe demonstrated such knowledge in a pleading signed by him, which he filed in another action. *See* Opposition, Exh. 1, Memorandum of Law.

UNUM claims that its General Counsel and Senior Vice President, Kevin Tierney, does not have any personal knowledge concerning the Plaintiff or his action. Accordingly, UNUM claims that it is entitled to a protective order. *See Thomas v. International Business Mach.*, 48 F.3d 478, 483 (1995) (protective order warranted where prospective deponent testifies that he lacked knowledge about any pertinent facts). Addi-

tionally, UNUM argues that a deposition of opposing counsel should be permitted only where the party seeking the deposition shows that: 1) no other means exist to obtain the information; 2) the information sought is relevant and non-privileged; and, 3) the information is crucial to the preparation of the case. *Boughton v. Cotter Corp.*, 65 F.3d 823, 829–31 (10th Cir.1995) (where plaintiffs failed to show that information was crucial to their case, or that they had tried to obtain the information by other means, court upheld entry of protective order prohibiting deposition of defendant's outside counsel who operated solely as an attorney and made no operating decisions for defendant corporation).

UNUM's motion lacks merit. First, Plaintiff does not seek to depose UNUM's General Counsel and Vice President. Plaintiff merely asked to depose "an attorney from the UNUM General Counsel's Office." Motion, Exh. A., at 1. UNUM has not filed an affidavit from each attorney employed in its General Counsel's Office stating that he or she does not have knowledge about any of the issues set forth in Plaintiff's counsel's letter of February 29, 1996. For example, G. Steven Rowe, who Plaintiff claims has knowledge about these issues and who is still employed as an attorney at UNUM, has not filed such an affidavit. Moreover, in his affidavit, Mr. Tierney did not state that he did not have knowledge about *any* of the issues outlined in Plaintiff's counsel's letter of February 29, 1996. Rather, he merely stated:

> In particular, I do not have any personal knowledge concerning the meaning and application of the definition of basic monthly earnings and the definition of mental illness in the UNUM policy at issue *in this action.*

Motion, Exh. B, ¶ 4 (emphasis in original). Mr. Tierney did not state that he has no knowledge of the meaning or application of the terms in other UNUM policies, nor did he state that he has no knowledge of briefs filed in other lawsuits concerning the above terms.

Finally, UNUM's reliance on *Boughton* is misplaced. UNUM's attorneys are not opposing counsel with respect to Plaintiff. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631,

645 (5th Cir.1992) (citations omitted) ("When an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator. Therefore, an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal services dealing with plan administration."); *United States v. Evans,* 796 F.2d 264, 265–66 (9th Cir.1986) ("There is no attorney-client privilege between a pension trustee and an attorney who advises the trustee regarding the administration of the plan."); *Petz v. Ethan Allen, Inc.,* 113 F.R.D. 494, 497 (D.Conn.1985) ("When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries."); *Washington–Baltimore Newspaper Guild v. Washington Star Co.,* 543 F.Supp. 906, 910 (D.D.C.1982) ("An employer cannot, by retaining the same counsel as that used by the plan, defeat disclosure by a plan's attorney of communications between the plan's trustees and the employer."). While UNUM makes the general statement that "Plaintiff's arguments are incorrect," Motion at ¶ 5, UNUM does not set forth any law to the contrary.

THEREFORE, IT IS ORDERED that UNUM's Motion for Protective Order is hereby denied.

FURTHER, IT IS ORDERED that UNUM shall make available for deposition G. Steven Rowe, or any other attorney in its General Counsel's Office with knowledge of the issues set forth in Plaintiff's counsel's letter of February 29, 1996.