107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Myles RUCKER, Defendant-Appellant.
 No. 95-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Dec. 11, 1996.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lloyd Myles Rucker appeals his conviction after jury trial on several counts of mail fraud (18 U.S.C. § 1341), bank fraud (18 U.S.C. § 1344), and making false statements to federally insured lending institutions (18 U.S.C. § 1014). The charges arose out of Rucker's diversion of proceeds of construction loans from the properties used as collateral to secure the loans and out of a series of transactions in which Rucker helped falsify loan documents for individuals to whom he had sold properties.
 
 I. JURISDICTION
 
 4
 Rucker contends that 18 U.S.C. section 1344 exceeds the commerce power by failing to require proof that the charged conduct had an effect on interstate commerce. See United States v. Lopez, 115 S.Ct. 1624 (1995). He is in error. The bank fraud statute makes it unlawful to obtain money from a "financial institution" by fraudulent means. 18 U.S.C. § 1344. "Financial institution" is defined to include "a[ ] [federally] insured depository institution." 18 U.S.C. § 20(1). The government therefore was required to establish at trial that the Federal Deposit Insurance Corporation insured the bank's deposits, and it did so. Thus, a federal nexus exists sufficient to support jurisdiction. See generally Westfall v. United States, 274 U.S. 256, 258-59 (1927); Toles v. United States, 308 F.2d 590, 594 (9th Cir.1962), cert. denied, 375 U.S. 836 (1963).
 
 
 5
 Accordingly, the district court had subject matter jurisdiction, and we have jurisdiction of the appeal on all counts under 28 U.S.C. section 1291 and 18 U.S.C. section 3742(a).
 
 
 6
 II. FAILURE TO INSTRUCT ON THE DEFENSE OF GOOD FAITH
 
 
 7
 Rucker contends that the trial court abused its discretion when it failed to give the jury his proposed instruction on the defense of good faith. But, as we have noted before, while:
 
 
 8
 [a] defendant is entitled to have the judge instruct the jury on his theory of the case, provided that it is supported by law and has some foundation in the evidence.... We may nonetheless affirm the refusal to give an otherwise proper "theory of the defense" instruction if the instructions actually given, taken as a whole, adequately encompass the defendant's theory.
 
 
 9
 United States v. Sarno, 73 F.3d 1470, 1485 (9th Cir.1995) (citation and quotations omitted), cert. denied, 116 S.Ct. 2555 (1996); United States v. Dees, 34 F.3d 838, 842 (9th Cir.1994). We review de novo the legal adequacy of the instructions actually given by the district court; however, we review the formulation of the instructions for abuse of discretion. Sarno, 73 F.3d at 1485.
 
 
 10
 This circuit has held repeatedly that the failure to give an instruction on a good faith defense is not fatal, so long as the court clearly instructs the jury on the necessity of proof of specific intent as an element of the crime. Sarno, 73 F.3d at 1487 (under § 1014); Dees, 34 F.3d at 842 (under § 1341). Although these cases arose under the mail fraud and false statement statutes, we see nothing that would lead to a different result under the bank fraud statute, 28 U.S.C. section 1344. See United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990) (the bank fraud statute was modeled on the mail and wire fraud statute and should be given the same broad scope).
 
 
 11
 Here, the court specifically instructed the jury that intent to defraud was an element the government must prove with respect to each of the offenses charged. Rucker was entitled to no more.
 
 III. DENIAL OF SEVERANCE MOTION
 
 12
 Defendant contends that the court erred in denying his pre-trial motion to sever the false statement and mail fraud counts from the bank fraud counts.
 
 
 13
 We review de novo whether charges in the indictment are properly joined under Fed.R.Crim.P. 8(a). United States v. VonWillie, 59 F.3d 922, 929 (9th Cir.1995); United States v. Terry, 911 F.2d 272, 276 (9th Cir.1990). If joinder is proper, we review the court's denial of the motion for severance for an abuse of discretion. United States v. Nguyen, 88 F.3d 812, 818 (9th Cir.1996).
 
 
 14
 Rule 8(a) permits joinder of offenses if they "are based on ... two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a). The rule is interpreted "broadly in favor of joinder." United States v. Kinslow, 860 F.2d 963, 966 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989). Accordingly, the word "transaction" has a flexible meaning and may comprehend a series of related occurrences, id., so long as there is a "logical relationship" between them. United States v. Felix-Gutierrez, 940 F.2d 1200, 1208 (9th Cir.1991), cert. denied, 508 U.S. 906 (1993).
 
 
 15
 In this case, the charges were logically connected because they arose out of a common scheme: the fraudulent operation of Rucker's construction business involving both the diversion of loans from collateralized properties and the creation of fraudulent documents to sell properties. See United States v. Kaplan, 895 F.2d at 621; United States v. Roberts, 783 F.2d 767, 769 (9th Cir.1985).
 
 
 16
 Rucker's argument that he was prejudiced as a result of the joinder is baseless. Evidence on the joined counts overlapped at trial and would also have been admissible as proof of motive, intent, plan, and absence of mistake under Fed.R.Evid. 404(b). Kaplan, 895 F.2d at 621; United States v. Evans, 796 F.2d 264, 265 (9th Cir.1986). Moreover, the jury's acquittal of Rucker on several counts shows that it was able to distinguish among the charges and to discern which evidence underlay each count.
 
 
 17
 IV. SUFFICIENCY OF THE EVIDENCE ON THE BANK FRAUD COUNTS
 
 
 18
 Rucker contends that there was insufficient evidence to support his convictions on the bank fraud counts. He argues that, although submitting subcontractor payment vouchers for work on properties other than the property securing the loan violated the loan agreement, the evidence presented at trial failed to prove criminal intent. He also claims that, because his conduct did not cause National Bank of Southern California any loss, the jury lacked sufficient evidence to convict.
 
 
 19
 In assessing whether the evidence was sufficient to support a conviction, we review the record in a light most favorable to the government to determine whether any rational trier of fact could have found all the essential elements of a crime beyond a reasonable doubt. United States v. Molinaro, 11 F.3d 853, 857 n. 5 (9th Cir.1993), cert. denied, sub nom. Mangano v. United States, 115 S.Ct. 668 (1994); United States v. Soto, 779 F.2d 558, 560 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987).
 
 
 20
 There was evidence that Rucker directed several subcontractors to alter invoices, receipts, and vouchers and to certify falsely that work had been done on the 16th Street property, which collateralized the loan, when the work actually had been done on other properties belonging to Rucker. Rucker then certified that the vouchers were correct. A reasonable jury could find that the evidence in the record established the requisite specific intent to defraud beyond a reasonable doubt.
 
 
 21
 Rucker's argument that the bank suffered no loss as a result of his fraud fails. We have held that "a federally supported financial institution need not incur a 'loss' in order to be a victim of 'false or fraudulent pretenses, representations, or promises.' " United States v. Mason, 902 F.2d 1434, 1442 (9th Cir.1990) (quoting 18 U.S.C. § 1344). It is the specific intent evidenced by a scheme to defraud that the statute penalizes.
 
 V. THE SENTENCE
 A. Amount of Loss
 
 22
 Rucker contends that the district court erred when, for the purpose of calculating the loss caused by the bank fraud under Sentencing Guideline section 2F1.1(b)(1), it included losses of $314,359.50 attributable to both indicted (the 16th Street project) and unindicted (the 15th Street project) transactions. This amount represents the total of voucher diversions of money borrowed from the banks but used on other projects in which the banks had no security interest. The court properly treated the unindicted transactions as relevant conduct.
 
 
 23
 Rucker relies on the holding in United States v. Shaw, 3 F.3d 311 (9th Cir.1993), that the intended loss is not the gross amount of a loan at risk but is instead the loss the defendant intended to inflict on the victim. But the court here did not include the full amount of the loans (which totaled nearly $3 million). It included only the amounts Rucker had wrongfully diverted to other projects, which it found to be the amount of the intended loss. Because the value of the properties held by the banks as security decreased proportionately by the amount of the diversions, the diversions reflected deliberate action to impair the lenders' security. When those properties were about to go into default, Rucker denied the diversions and refused to pay the amounts he diverted. That Rucker's business partner later reimbursed the banks does not undermine the court's finding of intended loss. Cf. United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991) (no requirement government prove actual loss to intended victim). Given these facts, the trial court's determination of loss was not clearly erroneous.
 
 B. Upward Adjustment for Managerial Role
 
 24
 Rucker contends that the four-level upward adjustment for his managerial role was in error. Under Sentencing Guideline section 3B1.1(a), if the defendant organized or led a criminal activity involving five or more participants, the offense level is increased by four points. Seven individuals testified at trial that they had participated in the unlawful scheme by falsifying documents. These persons qualify under Application Note 1 of the Guideline as "criminally responsible for the commission of the offense," even though they were not indicted. With respect to Rucker, there was ample evidence to support the court's finding that he "orchestrated all of these deals ... [and] was the guiding force." The trial court's determination was not clearly erroneous. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 25
 C. Denial of Adjustment for Acceptance of Responsibility
 
 
 26
 Rucker contends that the court erroneously assumed that it could not grant an adjustment for acceptance of responsibility where defendant has gone to trial. At sentencing, the court, quoting Application Note 2, U.S.S.G. § 3E1.1 (stating that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt [and] is convicted"), found that Rucker was not entitled to the reduction. This is an appropriate exercise of the court's sentencing discretion. See United States v. Easter, 66 F.3d 1018, 1024 (9th Cir.1995), cert. denied, 116 S.Ct. 1026 (1996). Moreover, at sentencing, Rucker, far from expressing remorse, did no more than admit mistakes of judgment. No clear error has been shown. See United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 VI. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 27
 Rucker contends that he was denied effective assistance of counsel because counsel failed to move for a downward departure. Although a claim of ineffective assistance generally should be presented by postconviction motion under 28 U.S.C. section 2255, the record before us is sufficient to warrant addressing it on appeal. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). Rucker points to the court's statement at sentencing that the downturn of the real estate market "precipitated the type of deals that occurred here," but he ignores both the court's description of his conduct as "clearly unconscionable, clearly wrong" and its imposition of a sentence above the bottom of the sentencing range. It is therefore clear from the record that there is no basis for a finding either that the failure to move for a downward departure in this case falls below the objective standard of reasonableness, or even if it does, that it could have been prejudicial. See id.; Strickland v. Washington, 466 U.S. 668, 669 (1984).
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3