In re GRAND JURY PROCEEDINGS
GRAND JURY NO. 97–11–8.

UNITED STATES of America, Appellee,

v.

John DOE, Appellant.

No. 98–16213.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1998.

Decided Dec. 11, 1998.

Marshall H. Silverberg, Assistant United States Attorney, Honolulu, Hawaii, for the appellee.

Mark J. Bennett, McCorriston Miho Miller Mukai, Honolulu, Hawaii, for the appellant.

Before: GOODWIN, BEEZER, and T. G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

In this interlocutory appeal, John Doe challenges the district court's order compelling an attorney to testify.[1] The district court based its order on the crime-fraud exception and ordered the attorney to obey the grand jury subpoena. We have jurisdiction[2] and affirm the order.

## I. PROCEDURAL BACKGROUND

Doe serves as a trustee for an ERISA pension fund on behalf of a local union. The fund has three trustees selected by the union and three selected by the employers. Doe represents the interests of the union. The government is investigating the efforts of Doe and the other union trustees to have the fund hire an investment monitor of their choosing. The three management trustees strongly objected to this investment monitor, and the issue eventually went to arbitration. The government suspects that Doe went to extraordinary lengths to have the investment monitor hired because Doe was receiving kickbacks from him. A grand jury investigating Doe subpoenaed the attorney who represented Doe as well as the two other union trustees.

When Doe and the attorney asserted the attorney-client privilege in response to the subpoena, the government asked the district court to compel the attorney to testify and produce all documents relating to Doe's effort to have the investment monitor hired. After examining certain grand jury evidence *in camera,* the district court concluded that the crime-fraud exception applies to the attorney's testimony and to most, but not all, of the relevant documents. The district court then granted the government motion.

The district court made its ruling late in the afternoon of June 9. Doe did not move for a stay pending appeal until the next day. The district court issued a stay, but the government had already deposed the attorney the previous evening. Pursuant to the stay and an agreement between the parties, the attorney's deposition testimony has not been shared with the grand jury. The government has not yet viewed any of the attorney's documents.

## II. MOOTNESS

As a preliminary matter, the government argues that this appeal is moot as to the attorney's testimony because the government has already deposed the attorney. In

---

1. All documents and briefs in this matter have been filed under seal to protect the secrecy of the ongoing grand jury proceedings. The true names of the parties involved are not revealed in this opinion. *See In re Grand Jury Subpoena 92–1(SJ),* 31 F.3d 826, 826 n. 1. (9th Cir.1994).

2. A district court's order compelling a former attorney to obey a grand jury subpoena is a final order for purposes of 28 U.S.C. § 1291 because the former attorney can not be expected to risk contempt proceedings. *See In re Grand Jury Subpoenas Dated Dec. 10, 1987,* 926 F.2d 847, 852–53 (9th Cir.1991). The parties agree that the attorney no longer represents Doe.

support of its position, the government cites cases in which appeals of motions to compel have been viewed as moot once the witness has testified before the grand jury. *See, e.g., In re Grand Jury Proceedings (No. 93–2),* 142 F.3d 1416 (11th Cir.1998); *In re Federal Grand Jury Proceedings 89–10(MIA),* 938 F.2d 1578, 1580–81 (11th Cir.1991). As noted above, however, the deposition testimony here has not yet been presented to the grand jury. The appeal therefore is not moot. "An appeal is moot when we are unable to grant any effective relief." *In re Grand Jury Subpoena Dated June 5, 1985,* 825 F.2d 231, 234 (9th Cir.1987). If we conclude that the district court erred, we can provide effective relief by ordering the destruction of all copies of the deposition testimony and enjoining the government from sharing the testimony with the grand jury. *Cf. Church of Scientology of California v. United States,* 506 U.S. 9, 12–13, 113 S.Ct. 447, 450, 121 L.Ed.2d 313 (1992) (appeal from denial of motion to quash IRS summons not moot simply because documents already handed over to IRS; "[w]hile a court may not be able to return the parties to the status quo ante ... a court can fashion some form of meaningful relief in circumstances such as these").

## III. ANALYSIS

■ We may affirm the district court's motion to compel on any grounds fairly supported in the record. *See Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London,* 139 F.3d 1234, 1239 (9th Cir.1998). We need not review the district court's conclusion that the crime-fraud exception applies because under Ninth Circuit precedent, Doe may not raise the attorney-client privilege under these facts.

■ We begin by emphasizing that the attorney-client privilege is not only the oldest privilege known to the common law, but the attorney-client privilege is also, "perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir.1997). The Supreme Court has noted that "[t]he privilege recognizes that sound legal advice or advocacy serves public

ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). Courts understandably do not easily create new exceptions to this traditional privilege.

In *Riggs Nat. Bank of Washington, D.C. v. Zimmer,* 355 A.2d 709 (Del.Ch.1976), however, the Delaware Court of Chancery created a new narrow exception to the privilege for communications between trustees and attorneys. The Delaware Court of Chancery did not hold that the discussions between trustees and their attorneys were wholly unprivileged, but held that trustees may not block inquiry by their own beneficiaries into the proper management of the assets entrusted to them by relying on the attorney-client privilege. The court reasoned that "[t]he trustees ... cannot subordinate the fiduciary obligations owed to the beneficiaries to their own private interests under the guise of attorney-client privilege." *Id.* at 714. The court gave two additional reasons for its decision. First, the beneficiaries are the clients of the attorneys advising the trustees "as much as the trustees ..., and perhaps more so." *Id.* Second, the need for beneficiaries to have access to all the details of the plan's administration outweighs the needs of the trustees to keep their communications with attorneys private from their beneficiaries. *Id.*

The *Riggs* logic applies to ERISA trustees and beneficiaries. Doe, as a trustee of an ERISA pension fund, is a fiduciary required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). When an attorney advises an ERISA trustee regarding the management of the fund, the ultimate clients of the attorney are as much the beneficiaries of the plan as the trustees. Not surprisingly, federal courts that have considered the issue have uniformly applied *Riggs* in the ERISA context. *See, e.g., In re Long Island Lighting Co.,* 129 F.3d 268, 271–72 (2d Cir.1997) ("an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan adminis-

tration"); *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 645 (5th Cir.1992) ("an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration"); *Petz v. Ethan Allen,* 113 F.R.D. 494, 497 (D.Conn.1985) (ERISA fiduciary may not raise attorney-client privilege against beneficiary); *Washington–Baltimore Newspaper Guild, Local 35 v. Washington Star Co.,* 543 F.Supp. 906, 908–10 (D.D.C.1982) (same).[3]

In this case, however, it is not a beneficiary but a third party, the government, that is seeking access to otherwise confidential trustee-attorney communications. Though *Riggs* does not apply to third parties, this circuit has extended the *Riggs* doctrine to permit the *government* to assert the "trustee-beneficiary" exception when it is seeking to vindicate the rights of ERISA beneficiaries. In *United States v. Evans,* 796 F.2d 264 (9th Cir.1986) (per curiam), a trustee of a pension plan was convicted of embezzling from the plan. During the trial, the district court admitted the testimony of an attorney "hired by Evans in his capacity as trustee" despite Evans' assertion of the attorney-client privilege. *Id.* at 265. This court affirmed the district court. We held that the attorney-client privilege was not even implicated by the district court's ruling. We extended the holding of *Riggs* to allow the government to stand in the shoes of beneficiaries when it is investigating and prosecuting malfeasance in the administration of an ERISA fund. Our extension of *Riggs* makes sense: Just as there is little justification for hiding trustee-attorney communications from beneficiaries investigating the plan's administration, so there is little justification for hiding the communications from public prosecutors seeking to protect those beneficiaries.

Doe's case is indistinguishable from *Evans.* Doe does not contest the fact that the attorney only represented Doe in his role as trustee for the fund and that the communications at issue concerned the administration of the fund. The government clearly seeks the oth-

erwise privileged materials to investigate and prosecute the possible malfeasance of the trustee in the administration of the trust.

Thus, we hold that the government had a right to gain access to Doe's communications with the attorney without establishing the existence of the crime-fraud exception.

AFFIRMED.

N.Y.2d 716, 544 N.Y.S.2d 808, 543 N.E.2d 73, 74 (N.Y.1989) (memorandum) (unclear if beneficiaries must show "good cause" before breaching trustee-attorney confidentiality).

---

**3.** Some state courts have been more reluctant to follow *Riggs. See Huie v. DeShazo,* 922 S.W.2d 920, 924–25 (Tex.1996) (beneficiary may not breach trustee-attorney privilege because trustee is real client of attorney); *Hoopes v. Carota,* 74