NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50151 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00143-RGK |
| v. | |
| ATORBE AARON ISIBOR, AKA Solomon Okuonghae, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[**] District Judge.

Atorbe Isibor appeals his convictions and sentence for: two counts of making false statements in a passport application in violation of 18 U.S.C. § 1542 (Counts 1-2); one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

(Count 3); and five counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts 4-8). We have jurisdiction under 28 U.S.C. § 1291. We vacate three conditions of supervised release and remand to correct the same, and otherwise affirm.

**1.** Isibor argues, for the first time on appeal, that the evidence was insufficient to support venue. When a party fails to challenge venue "until after the jury ha[s] returned its verdict of guilty," he may not do so on appeal. *United States v. Powell*, 498 F.2d 890, 891–92 (9th Cir. 1974). Isibor insists that his failure to raise this issue in a pre-trial motion is excusable because although venue was not defective on the face of the indictment, he did not know until trial that the evidence would be insufficient to establish venue as alleged. Nonetheless, we have held that, even when an alleged "venue defect is not evident on the face of the indictment," venue objections must be made at the close of the case-in-chief. *United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1060 (9th Cir. 2000); *United States v. Marsh* 144 F.3d 1229, 1242 (9th Cir. 1998).

**2.** Isibor next argues that the district court erred in admitting certain prior bad acts against him under Federal Rule of Evidence (FRE) 404(b). Specifically, he asserts the district court should have excluded: (1) his 2011 conviction for conspiracy to commit bank fraud; (2) his uncharged prior use of multiple aliases; and (3) his guilty plea to Count 1 of the indictment in the current case. Isibor argues this evidence was not admissible under FRE 404(b), and that it was unduly

prejudicial and should have been excluded under FRE 403. We disagree.

While prior acts are not admissible to show that a defendant committed a crime in accordance with their character, they are admissible to show motive, opportunity, intent, preparation, knowledge, or absence of mistake. Fed. R. Evid. 404(b)(1)-(2). Even in such instances, the government must articulate how the prior acts are probative of a material element in question. *United States v. Lateju*, 163 F.3d 608 (9th Cir. 1998). To satisfy this requirement, the government must show that: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *Id.*; *United States v. Lloyd*, 807 F.3d 1128, 1157–58 (9th Cir. 2015); *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013). If these criteria are satisfied, admission is warranted unless the evidence is deemed too prejudicial under Rule 403. *United States v. Major*, 676 F.3d 803, 808 (9th Cir. 2012).

We have long recognized that similar acts are particularly probative in cases charging forgery, deceit, and counterfeiting, where, as here, the charges include *mens rea* elements of knowledge and intent. *See United States v. Evans*, 796 F.2d 264, 265 (9th Cir. 1986); *United States v. Jenkins*, 785 F.2d 1387, 1395 (9th Cir. 1986); *United States v. Bettencourt*, 614 F.2d 214, 217 n.7 (9th Cir. 1980); *United States v. Ford*, 632 F.2d 1354, 1375 (9th Cir. 1980); *York v. United States*, 241 F.

656, 659 (9th Cir. 1916).

While a trial judge may exclude otherwise admissible evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion, Fed. R. Evid. 403, our review of the record persuades us that the trial court did not abuse its discretion in admitting the challenged evidence. Moreover, the trial judge gave a clear limiting instruction, emphasizing that Isibor was only on trial for the charged conduct. Thus, admission of the similar act evidence was not unduly prejudicial.

**3.** Isibor argues that, because he was convicted and sentenced for aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the district court should not have also enhanced his sentence for an offense involving ten or more victims under U.S.S.G. § 2B1(b)(2)(A)(i). As a general rule, "[i]mpermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007). However, because the number-of-victims enhancement serves the distinct purpose of punishing offenders based on the number of victims rather than punishing the identity theft, there is no impermissible double counting.

**4.** Finally, following *United States v. Ped*, 943 F.3d 427, 432–34 (9th Cir. 2019), we vacate conditions five, six, and fourteen of Usher's supervised release,

which are unconstitutional under *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018), and remand to the district court with instructions to impose any alternative conditions it deems appropriate.

**AFFIRMED in part, VACATED in part, and REMANDED for the limited purpose of modifying the Standard Conditions of Appellant's supervised release.**