**UNITED STATES FOR THE USE OF UNITED RENTALS, INC., Plaintiff,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Defendant.**

No. A–03–CA–131–LY.

United States District Court,
W.D. Texas,
Austin Division.

Oct. 13, 2004.

H. Dan Johnston, Sullins, Johnston, Rohrbach & Magers, Houston, TX, Monica Schulz Peckham, Sullins, Johnston, Rohrbach & Magers, Houston, TX, for United Rentals, Inc., United States for the use of, plaintiff.

Donald Oliver Pratt, Pratt & Sanderford, P.C., Arlington, TX, Paul H. Sanderford, Pratt, Sanderford, P.C., Brian K. Carroll, Pratt & Sanderford, P.C., Temple, TX, for Hartford Fire Insurance Company, defendant.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

YEAKEL, District Judge.

BE IT REMEMBERED that on July 19, 2004, the Court called the above-styled case for trial. Plaintiff United States for the Use of United Rentals, Inc. ("United Rentals") appeared by counsel; Defendant Hartford Fire Insurance Company ("Hartford") appeared by counsel. Having carefully considered the evidence in this action, the Court concludes that Hartford is not liable to United Rentals. In so deciding, the Court makes the following findings of fact and conclusions of law, holding, in summary, that the Miller Act's one-year statute of limitations bars United Rentals from asserting the bond claim at issue in this cause. *See* 40 U.S.C. § 3133(b)(4) (2004).

### *Jurisdiction and Venue*

This cause of action arises out of a construction contract with the United States Government and is brought under the Miller Act, 40 U.S.C. §§ 3131–3133 (2004)(formerly 40 U.S.C. §§ 270a–270d), which provides for exclusive federal jurisdiction and requires that a civil action must be brought "in the United States District

Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B). *See also United States ex rel. Harvey Gulf Int'l v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978).

*Facts*

Rayco Construction Company ("Rayco") entered in a "Job Order Contract" (Solicitation Number DACA03–98–0002) with the United States Army Corps of Engineers (the "Corps") in March 1998. Subsequently, the Corps issued Rayco Task Order Number 0112 for construction work at the United States Army Reserve Center at Camp Mabry in Austin, Texas. Pursuant to that task order, Rayco, the prime contractor, entered into several subcontracts for the performance of various work items at Camp Mabry, including paving work that was subcontracted to Zapata Paving ("Zapata"). Hartford, which is in the business of issuing payment bonds to the construction industry, is the surety that issued a public works payment bond in connection with the Camp Mabry project (bond number 46 BCS AG3656). Rayco was the principal of the bond.

United Rentals provided rental equipment to Zapata for the Camp Mabry project from June 2001 through August 2001. United Rentals issued invoices dated June 18, 2001, through August 29, 2001, to Zapata totaling $57,257.13. On August 15, 2001, United Rentals sent a notice to perfect a bond claim pursuant to Texas's McGregor Act[1] in the amount of $17,017.72 to the Texas National Guard Army Board, Hartford, Rayco, and Zapata for rental equipment and supplies provided by United Rentals in June 2001. On September 14, 2001, United Rentals sent a second McGregor Act bond-claim in the amount of $40,313.23 to Camp Mabry, Hartford, Rayco, and Zapata for rental equipment an supplies provided in July and August 2001. Rayco made three subsequent payments to United Rentals in October 2001 in the amounts of $611.25, $1,143.99, and $1,646.64.

On November 1, 2001, United Rentals served notice by registered mail to Camp Mabry, Hartford, Rayco, and Zapata of its unpaid invoices under the Miller Act (the "Miller Act Bond Claim Notice") totaling $57,257.13. The cover address sheet of the Miller Act Bond Notice stated in capital letters, "MILLER ACT BOND CLAIM.." The attached affidavit, titled "AFFIDAVIT FOR CLAIM UNDER THE MILLER ACT," stated, "This letter is to perfect a claim under the Miller Act Bond on behalf of United Rentals in the amount of $57,257.13. Demand for payment is hereby made on the prime contractor and surety."

Following United Rental's mailing of the Miller Act Bond Notice, Hartford and United Rentals exchanged correspondence and information requested by Hartford from United Rentals. Rayco sent a demand letter to Zapata on March 11, 2002, to which Zapata responded on March 17, 2002, stating that it lacked the capital and assets to cover its debt. No further payments were made to United Rentals by Rayco, Zapata, or Hartford. The parties agree that there remains due an owing to United Rentals an unpaid claim for $57,257.13 for equipment and supplies United Rentals provided to Zapata for the Camp Mabry project.

United Rentals filed suit against Hartford in state court in Harris County, Texas on May 28, 2002, asserting claims for recovery on the payment bond under the Texas Public Bond Statute, commonly re-

---

**1.** TEX. GOV'T CODE ANN. § 2253.001–.079 (West 2002).

ferred to as the McGregor Act. *See* Tex. Gov't Code Ann. § 2253.001–.079 (West 2002). Attached as an exhibit to the petition was the Miller Act Bond Claim Notice. The Harris County court transferred the action to state district court in Travis County by agreed order on September 6, 2002. On February 13, 2003, Hartford moved for summary judgment, asserting the state court's lack of subject-matter jurisdiction on the basis of the inapplicability of the McGregor Act, because the project was on federal property-Camp Mabry. On March 5, 2003, United Rentals filed the present cause of action in this Court seeking to adjudicate its bond claim under the Miller Act. The state court granted Hartford's motion and dismissed the state action on April 7, 2003.

### Issue

The parties agree that the sole issue before the Court is whether the filing of a federal bond claim under the Miller Act in state court tolls the act's one-year statute of limitations.

### Findings and Conclusions

■ The rights created by the Miller Act are federal in nature and scope, and federal law controls the computation of the limitations period. Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act. In principle, this is consonant with the thesis that, because the right is federal in nature, the filing of

suit in a non-federal jurisdiction does not toll the statute.

*Maryland Cas. Co.*, 573 F.2d at 247 (internal citations omitted). The limitations period runs one year "after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). The parties agree that United Rentals last provided work on August 28, 2001, and that United Rentals commenced this federal suit on March 5, 2003, more than a year later.

Relying on *United States v. Fidelity & Deposit Co. of Maryland*, however, United Rentals argues that Hartford can be estopped from relying on the Miller Act's one-year limitations period. 813 F.2d 697, 699 (5th Cir.1987). In *Fidelity*, the Fifth Circuit indicated that a defendant might be estopped from asserting a limitations argument under the Miller Act under equitable principles, noting that other circuits have done so, and stating that the Fifth Circuit would also be so inclined. *Id.*[2] However, the circuit further held that because the district court already had decided it had no jurisdiction to consider the merits of the estoppel claim, the appellate court's determination on the issue was not binding. *Id.* at 698. Thus, the question remains unanswered in the Fifth Circuit as to whether a defendant may be equitably estopped from relying on the statute of limitations defense against a Miller Act plaintiff who files first in state court.

■ When a time limitation is considered jurisdictional, it cannot be modified

**2.** The Fifth Circuit reasons:

The Supreme Court has made it very clear that classification of a statutory limitation period as substantive rather than procedural does not preclude its enlargement under equitable principles of estoppel. This Court has recognized the trend ... and followed it. Although this Court has not yet squarely held that the doctrine ... applies to the

Miller Act, other courts have done so. In view of the liberal construction which this Court traditionally has given the Miller Act, we see no reason for adopting a different course.

*United States v. Fidelity & Deposit Co. of Maryland*, 813 F.2d 697, 699 (5th Cir.1987) (internal quotations omitted).

and non-compliance is an absolute bar. *See Maryland Cas. Co.*, 573 F.2d at 247. *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617–18 (3d Cir.1998). The Fifth Circuit has held that the Miller Act provides for exclusive federal jurisdiction and therefore state courts do not have jurisdiction. *Maryland Cas. Co.*, 573 F.2d at 247. Thus, the filing of an action in state court does not toll the one-year limitations filing requirement. *See id.* United Rentals completed its work in August 2001. It served a Miller Act Bond Claim notice on Hartford and others on November 1, 2001. However, United Rentals did not file its action under the Miller Act in this Court until March 5, 2003, over six months after the end of the one-year limitations period under the act. The fact that United Rentals timely filed a an action in the improper court under the wrong act does not toll the one-year limitations period under the Miller Act in this federal action. Therefore, the Court concludes that this cause of action is time-barred.

■ Assuming without deciding that this Court must consider and may apply equitable-estoppel considerations (*see Fidelity*, 813 F.2d at 699), this Court reaches the same result. The United States Supreme Court has summarized the doctrine of equitable estoppel as follows:

> The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. And although the cases to which this principle is to be applied are not as well defined as could be wished, the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set

up and relied on to defeat the ends of justice or establish a dishonest claim. *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 234, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (quoting *Union Mut. Ins. Co. v. Wilkinson*, 13 Wall. 222, 80 U.S. 222, 233, 20 L.Ed. 617 (1871)). The Fifth Circuit defines estoppel as "any conduct, express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. It is grounded not on subjective intent but rather on the objective impression created by the actor's conduct." *Morgan v. Thomas*, 448 F.2d 1356, 1365 (5th Cir.1971) (quoting *Matsuo Yoshida v. Liberty Mut. Ins. Co.*, 240 F.2d 824, 829–30 (9th Cir.1957)).

■ United Rentals asserts that Hartford failed to inform United Rentals on numerous occasions about the applicability of the Miller Act, including in various correspondence between United Rentals and Hartford, Hartford's responses to United Rental's interrogatories, as well as Hartford's timing in filing its summary-judgment motion in state court after the one-year limitations period had lapsed. United Rentals further argues that it need not prove misleading, deceitful conduct on the part of Hartford, but need only show that the "given result is unjust, unfair or unacceptable." *United States ex rel. Bernard Lumber Co. v. Lanier–Gervais Corp.*, 896 F.2d 162, 168 (5th Cir.1990). Plaintiff reads *Lanier–Gervais* too broadly. In *Lanier–Gervais*, the plaintiff raised no allegations against the defendant. Rather, the plaintiff asserted that it had been enjoined from initiating any action by the state court. The Fifth Circuit found that under that limited circumstance equitable-estoppel considerations should apply. *Lanier–Gervais*, 896 F.2d at 169. No such circumstances are presented in the instant action.

United Rentals cannot meet its burden of proof that it lacked the knowledge or

the means of acquiring knowledge of the applicability of the Miller Act in this cause. The evidence before this Court establishes that United Rentals knew or should have known that the bond claim had to be asserted under the Miller Act. United Rentals transmitted the Miller Act Bond Claim Notice to Hartford on November 1, 2001, well before the end of the one-year limitations period. The notice was entitled "MILLER ACT BOND CLAIM." When United Rentals filed suit in state court in May 2002, United Rentals attached a copy of that same notice to its original petition. Hartford did not induce United Rentals to file in state court, and there is no evidence to suggest that United Rentals was induced by Hartford not to file suit in federal court. Moreover, the Court holds that Hartford had no duty to inform United Rentals that the state action was filed in the wrong court and under the wrong statute before the expiration of the Miller Act one-year limitations period. The doctrine of equitable estoppel, if applicable at all to Miller Act cases, is inapplicable to the case now before this Court.

### Conclusion

This Court therefore concludes that United Rentals is barred by the Miller Act's one-year statute of limitations from asserting its bond claim for material or rental equipment provided to the Camp Mabry project and Hartford is not liable to United Rentals. In accordance with the foregoing:

**IT IS ORDERED** that Plaintiff United States for the Use of United Rentals, Inc. take nothing against Defendant Hartford Fire Insurance Company.

**IT IS FINALLY ORDERED** that all other relief requested is **DENIED**.